SYLVESTER NELSON v. ROWLAND P. COOLEY.

In an action for money had and received, brought to recover back usurious interest alleged to have been paid by the plaintiff to the defendant, it was held, that the plaintiff was entitled to recover, although it appeared, that no money had been paid directly by the plaintiff to the defendant, but that the plaintiff had executed to the defendant notes which included the usury, and had secured the payment of the same by mortgage, and subsequently had sold the mortgaged premises and allowed to the purchaser, towards the price, the amount of this incumbrance upon them, and executed a deed which was not to take effect unless these notes were paid by the purchaser, and thereupon the purchaser had paid these notes to the defendant in full.

Where the plaintiff, in such case, had executed to the defendant one note for $400, which was the money actually due, and had also executed three other notes, for $50 each, which included the usurious interest and were made payable before the large note became due, and it appeared, that the three $50 notes were paid, and were surrendered by the defendant, before the commencement of this suit, it was held, that the plaintiff might recover, notwithstanding it appeared, that the note for the principal, $400, was not paid until after the commencement of the suit.

ASSUMPSIT for money had and received. Plea, the general issue, and trial by the court, September Term, 1846,—WILLIAMS, Ch. J., presiding. On trial the facts appeared as follows.

On the fifth day of August, 1841, the plaintiff executed to the defendant four promissory notes,—one for $400, payable August 1, 1844, one for $50, payable August 1, 1842, one for $50, payable

26

August 1, 1843, and one for $50, payable August 1, 1844. The note for $400 was given for the amount of principal actually due from the plaintiff to the defendant; and the other notes were given for the interest upon that note. All the notes were secured by mortgage of real estate. In 1843 the plaintiff sold to one Kelsey the mortgaged premises for $800, and it was agreed between them, that Kelsey, in part satisfaction of the $800, should pay to the defendant the four notes above mentioned; and the plaintiff executed a deed of the premises to Kelsey, which contained a condition, that Kelsey should take no benefit from it, unless he paid these four notes. Kelsey accordingly, before the commencement of this suit, paid to the defendant the three $50 notes in money, and paid the $400 note by giving his own note therefor, with surety;—and this new note for $400 was paid in money by Kelsey after the commencement of this suit.

Upon these facts the court decided, that the plaintiff was entitled to recover, in this action, the amount of usurious interest included in the three $50 notes, and rendered judgment for the plaintiff accordingly. Exceptions by defendant.

*L. C. Kellogg* and *Briggs & Williams* for defendant.

1. The plaintiff has not paid to the defendant the sum specified in the notes. The transaction was a conveyance of the equity of redemption, leaving the mortgage debt an incumbrance upon the estate. The payment of this debt by Kelsey was made to relieve the incumbrance, and was not a payment for or by the plaintiff. Kelsey was not an agent for the plaintiff in making the payment; but he made it, in compliance with a stipulation in his deed, to perfect and complete his title. The right of action is given by the statute only to the person paying the money. Rev. St. 266.

2. It appears in the case, that all the notes were given at the same time, and that the note for the principal, $400, was not paid until after the commencement of this suit, otherwise than by substituting another note; and the amount of the small notes cannot be recovered back, until more than the principal, and the legal interest thereon, has been paid. The giving a new note for the $400 note was not a payment.

Nelson *v.* Cooley.

*R. Pierpoint* for plaintiff.

The contract, upon which the money was paid, was the sole contract of the plaintiff, and the payment was made from funds furnished by him; and he must be regarded as the person from whom the consideration moved, and, of course, as the only person who can maintain the action;—he was the only person, with whom the defendant contracted, and to whom he gave the forbearance. Kelsey, in making the payment, acted as the mere agent of the plaintiff, who had placed in his hands funds to the amount of $800, a portion of which was to be accounted for, and was fully paid, by Kelsey, by making the payment to the defendant; and whatever security the plaintiff might have taken of Kelsey for the performance of his duty in the premises, it cannot affect the legal rights of the plaintiff and defendant, resulting from the payment. *Davis v. Hoy,* 2 Aik. 303, Ham. on Parties 6.

The opinion of the court was delivered by

Davis, J. This was an action of assumpsit to recover from the defendant certain money, alleged to have been paid to him by the plaintiff above the legal interest upon a $400 note given by the latter to the former on the fifth of August, 1841. The general issue being pleaded, the case was tried by the court.

The only question brought before us is, whether the facts found by the county court show, that the plaintiff made any payment of usurious interest, within the true meaning and intent of the statute, which authorises the party paying such usury to recover it back by action. We are of opinion they do. Although payment was not made directly by the plaintiff, yet, by means of the sale to Kelsey of the interest of the plaintiff in the farm mortgaged as security for the $400 note and the three $50 notes,—which last were given for interest on the other,—provision was made for that purpose, by a deduction, to the extent of the sum due from the plaintiff to the defendant, from the consideration money agreed to be paid. In pursuance of this arrangement, the amount specified in the several notes was subsequently paid by Kelsey. Thus the defendant received money, which in equity and good conscience he is not entitled to retain; and that money was as much the money of the plaintiff, as if Kelsey had first paid it to him and he had delivered it to the defendant.

If the arrangement had taken a different form, and Kelsey had paid the full consideration, $800, directly to the plaintiff, relying upon the covenants in the deed, that the plaintiff would pay the incumbrance, and, out of the money thus paid to him, the latter had discharged the debt to the defendant, and thus fulfilled his covenants with Kelsey, the transaction, in substance, would not have differed from the one adopted. Could Kelsey recover back the amount of usury contained in the notes? We think not. He paid only what he agreed to pay, and for which he received a full equivalent. He therefore sustains no injury, and needs no redress.

Were we to give the statute a merely literal construction, and hold that Kelsey should be regarded as having actually paid the money, and allow him, on that ground, to sue and recover, it is obvious the recovery would be in trust for the plaintiff, the party really injured. There is no occasion to resort to such an expedient. A liberal and reasonable construction of the statute will include the plaintiff in this case.

No obstacle to a recovery exists in the circumstance, that the large note was not paid until after the commencement of this suit. Its payment at all was not essential to the plaintiff's right of recovery. The $50 notes contained the usury; and when the defendant accepted the money upon them, as he did before suit brought, and surrendered the notes, he took usurious interest, within the meaning of the statute. When so received and applied, there is no room for presumption, in the absence of any declaration to that effect, that he would apply the money, or any portion of it, to the debt which was justly due to him. The result showed that he did not so apply it. This view of the subject renders it unnecessary to decide, whether the receiving the note, which was executed by Kelsey with surety, in lieu of the original note of the plaintiff, should be considered as a payment of the latter.

The judgment of the county court is affirmed.