OTTO J. HINTERMISTER, Appellant, *v.* THE FIRST NATIONAL BANK OF CHITTENANGO, Respondent.

The penalty recoverable from a national bank under the act of congress (U. S. R. S., § 5198), where a greater rate of interest than is allowed by law has been actually paid to and received by it, is twice the amount of the interest paid in excess of the legal rate, not twice the amount of the entire interest.

The forfeiture of the entire interest where more than lawful interest is received or reserved, attaches, and is enforceable only in actions brought to enforce the usurious contract.

The provision is penal in its character, and is to be strictly construed.

The party entitled to maintain the action is entitled to recover twice the amount he has paid for usury within two years prior to the commencement of the action, whether the amount was paid in one or several payments.

*Sturgess* v. *Spofford* (45 N. Y., 446); *Fisher* v. *N. Y. C. and H. R. R. R. Co.* (46 id., 644) distinguished.

*It seems,* that as the provision of the act of the legislature of this State of 1870 (chap. 163, Laws of 1870), amending the banking law of the State, was intended to put State banks upon an equality with national banks in respect to interest on loans and the penalties for taking usurious interest, it should receive the same interpretation as the act of congress; and as an interpretation has been given to the act of congress by the United States Supreme Court (*F. and M. N. Bk.* v. *Deering;* 1 Otto, 29), the same interpretation will be applied to the State law. A debt, therefore, contracted or obligation given for a usurious loan made by a State or national bank is not void, but the forfeiture is limited to the interest.

*The Nat. Bk. of Whitehall* v. *Lamb* (50 N. Y., 95); *The Farmers' Bk. of F.* v. *Hale* (59 id., 53) considered as overruled.

*Hintermister* v. *First Nat. Bk. of C.* (3 Hun, 345; 5 T. & C., 484) modified.

(Argued February 4, 1876; decided February 15, 1876.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department reversing a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term and granting a new trial. (Reported below 3 Hun, 345; 5 T. & C., 484.)

This action was brought under the thirtieth section of the national banking act (U. S. R. S., § 5198) to recover twice the amount of interest paid upon three notes, which were renewals of a former note, and for twice the amount of excess paid upon a fourth renewal. The notes were all made payable with interest. The court found that upon each renewal defendant charged and received twenty dollars in addition to the interest secured by the notes.

The court directed judgment for twice the amount of the entire interest paid upon the three renewal notes and twice the twenty dollars paid in excess upon the last renewal.

*William E. Lansing* for the appellant. Plaintiff was entitled to recover back twice the amount of the interest paid. (Nat. Curr. Act, § 30 ; § 5198 R. S. of U. S ; 3 R. S. [5th ed.], 72, § 1; *Barker* v.·*White*, 3 Keyes, 495 ; *Macoss* v. *Liverpool, etc., Ins. Co.,* 35 N. Y., 326; *Loeshich* v. *Baldwin,* 38 id., 326.) Section 30 of the national currency act (§ 5198 of the R. S. of the U. S.) is in full force in this State. (*F. and M. Nat. Bk. of Buffalo* v. *Deering,* U. S. Sup. Ct. ; *Tiffany* v. *Nat. Bk. State of Missouri,* 18 Wall., 409.)

*D. D. Walrath* for the respondent. This action cannot be maintained. (*Brown* v. *Second Nat. Bk. of Buffalo,* 72 Penn. St., 209.) Plaintiff could recover only one penalty for all acts committed. (*Sturgess* v. *Spofford,* 45 N. Y., 446; *Fisher* v. *N. Y. C. and H. R. R. Co.,* 46 id., 644; *Foote* v. *N. Y. C. and H. R. R. R. Co.,* 50 id., 693.)

ALLEN, J. The Supreme Court of the United States having given an interpretation to the act of congress regulating the interest which may be lawfully taken by national banks, and declaring the penalties for demanding or receiving interest at a greater rate than that allowed by law, adverse to the views of this court, as expressed in *The National Bank of Whitehall* v. *Lamb* (50 N. Y., 95), neither that case nor that of *The Farmers' Bank of Fayetteville* v. *Hale* (59 N. Y., 53) can be longer considered as furnishing a rule for decision in cases within the principle of the adjudication by the Federal court. The decisions of that court in all matters of Federal jurisprudence and of the interpretation of the acts of congress, are paramount to and binding upon all other courts.

The judgment in *The Farmers' Bank of Fayetteville* v. *Hale* was a necessary sequence of that in the case of Lamb, the statute of the State being in all respects a transcript of the act of congress, and both received the same interpretation. But by the authoritative decision of the court at Washington, the act of congress receiving a different interpreta-

.tion from that which we thought it would bear, it follows, that in order to give effect to the evident intention of the legislature of this State, the statute enacted in 1870 to put the State banks upon an equality with the national banks should have the same interpretation and effect as is given to the act of congress. Any other interpretation would do violence to the clearly expressed will of the legislature, do injustice to the State institutions, and give undue effect to the legislation of congress so far as it is hostile to the State banks. Both cases may, therefore, be regarded as overruled.

The plaintiff was, upon the facts found by the trial court, entitled to a judgment for the penalty given by the act of congress, when a greater rate of interest than is allowed by law has been actually paid (U. S. R. S., § 5198); and the sole question is whether the penalty should be twice the amount of the entire interest paid or twice the amount of the excess of legal interest only. The language of the statute is not so explicit as to render its interpretation free from difficulty. The clause under which this action is brought is penal in its character, and therefore should be strictly construed; that is, not extended by implication so as to give a greater penalty° than that which the terms of the act will clearly warrant. The first clause of the section forfeits the entire interest whenever interest greater than is allowed by section 5197 is either received or reserved; but it would seem that this forfeiture attaches, and is enforced only in actions brought upon or to enforce the usurious contract. It limits the right of the recovery by the plaintiffs in such actions to the money actually loaned without interest. The other clause of the section, in declaring the penalty which a party paying the illegal interest may recover, employs different language. It enacts that "in case a greater rate of interest has been paid" than allowed by law, "twice the amount of the interest thus paid may be recovered from the association taking or receiving the same." The language of the act is satisfied by restricting it to the interest paid in excess

of the legal rate. It seems to have respect to "the greater rate" as distinguished from the entire interest mentioned in the first paragraph of the section. "The greater rate" does not necessarily include the legal rate of interest, and when the statute declares that twice the amount of the interest "thus paid" may be recovered, it may well be held to mean twice the amount paid as and for "the greater rate" that is in excess of the lawful interest. With great hesitation I incline to favor this interpretation of the penal clause under consideration. I am the more inclined to this view of the statute by reason of the general character of the legislation of congress in respect to national banks. If these institutions are not, as is said in *Tiffany* v. *Nat. Bk. of Missouri* (18 Wall., 409), "national favorites," they have been greatly favored by congress to the prejudice of the State banks, and it cannot be supposed that congress would impose very stringent burdens or very heavy penalties upon them in matters in respect to which they might come in conflict with State banks. The policy of the legislation by congress, as intimated in *Tiffany* v. *Bank of Missouri* (*supra*), was to give advantages to national banks over their State competitors. In this view of the policy of congress the lower penalty must be assumed to have been intended in the use of the ambiguous phrase of the statute. When the act forfeits the entire interest, the forfeiture is only of the one sum reserved as interest; while, in giving penalty of twice the amount, the usurious interest only is doubled. If this is not so, the borrower would be the gainer by paying the usurious interest, and suing at once to recover twice the amount, while by resisting payment he could only save the one sum. The Supreme Court of Pennsylvania have given the same interpretation to the act of congress, in *Brown* v. *The Second Nat. Bank of Erie* (72 Penn. St. R., 209). The judgment of the court below should have been a mere reduction of the recovery at Special Term to the amount to which the plaintiff was entitled in accordance with these views. It is objected that but one penalty can be recovered in a single action. The authorities

to which reference is had in support of this objection (*Sturgess* v. *Spofford*, 45 N. Y., 446; *Fisher* v. *N. Y. C. and H. R. R. R. Co.*, 46 id., 644), and other cases to which reference might be made, were decided upon the peculiar language of the acts giving the penalties. The act of congress under which this action is brought regulates the recovery by the amount illegally received and taken, and does not give a fixed sum as an arbitrary penalty, and the party entitled to maintain the action is entitled to recover within the terms of the act twice the amount which he has paid for usury within two years prior to the commencement of the action, whether the amount has been paid in one or several payments.

The order of the General Term of the Supreme Court should be modified and the judgment of the Special Term reversed, and a new trial granted, costs to abide the event, unless the plaintiff stipulates to reduce the recovery to $160 for the penalty; and in case he so stipulates, the judgment to be affirmed for that amount, without costs to either party in this court.

All concur.

Judgment accordingly.