### Barker *v.* The Rochester National Bank.

Banks organized under the national currency act are subject to the penalty against usury imposed by federal law, and not to that imposed by state law.

Debt, upon Gen. St., *c.* 213, *s.* 3, as amended by Laws of 1872, *c.* 12, to recover a penalty. Facts found by the court.

The defendants are a banking corporation, organized under the national currency act, and they claimed that the state law relating to usury was not binding on them. Verdict for the defendants, and motion for a new trial.

*Eastman*, for the plaintiff, argued that the states, having never surrendered their right to protect their own citizens in all affairs of internal police, can, within their own borders, regulate the rates of interest to be paid on all contracts, and affix penalties, as well as legislate concerning the sale of liquors imported under the authority of the United States and brought within the same, and punish for the traffic against their own statutes, citing *Pierce* v. *The State*, 13 N. H. 536; *State* v. *Moore*, 14 N. H. 451.

*Hobbs* and *Worcester & Gaffney*, for the defendants.

Stanley, J. It is settled that congress has power to charter a national bank, as an agency for executing the powers conferred and performing the duties imposed upon it. *M'Culloch* v. *Maryland*, 4 Wheat. 316. This power is not subject to state control, and, from its very nature, includes the power to endow the agency with all the faculties necessary to accomplish its object. The power of loaning money is a necessary faculty of a bank, and the rate of interest to be charged is an incident of the loan. Authority to loan

and to take interest involves the power to fix the rate of interest, and the penalty for taking a greater rate than allowed by law.    If a state could fix the rate of interest to be taken by a national bank, it could fix the penalty for taking a greater rate; and if it could fix both the rate and the penalty, it could, practically, destroy the power to take interest, and thus seriously impair, if not wholly destroy, one of the most valuable and important functions of national banks.

The national currency act, being constitutional, is a part of the supreme law, and is binding upon the states and their citizens, and, providing as it does the penalty to which corporations organized under it are subject for taking usurious interest, necessarily renders the state law on this subject inapplicable to them.    It follows, then, that this action, having been brought upon the state law, cannot be maintained.    *Osborn* v. *U. S.*, 9 Wheat. 738; *Weston* v. *Charleston*, 2 Pet. 466; *Brown* v. *Maryland*, 12 Wheat. 419; *Dobbins* v. *Erie Co.*, 16 Pet. 435, 447; *Bank* v. *Pratt*, 115 Mass. 539; *Davis* v. *Randall*, 115 Mass. 547; *Bank* v. *Brown*, 72 Pa. St. 209; *Bank* v. *Garlinghouse*, 22 Ohio 492; *Wiley* v. *Starbuck*, 44 Ind. 298; *Higley* v. *Bank*, 26 Ohio 75; *Hintermister* v. *Bank*, 64 N. Y. 212; *Bank* v. *Dearing*, 91 U. S. 29; *Tiffany* v. *Bank*, 18 Wall. 409; *Lucas* v. *Bank*, 78 Pa. St. 228; *Bank* v. *Duncan*, 6 Reporter 69.

*Judgment on the verdict.*

CLARK, J., did not sit: the others concurred.