The following is the opinion of the referee:
E. A. Nash, Referee.
The bond and mortgage of H. Israel Weinberg are conditioned to pay “ all indebtedness of every name and nature now incurred or to be hereafter incurred, or which is-now due or may hereafter become due from said Weinberg to said Commercial Bank, not exceeding, however, the sum of $25,-000 and any renewals thereof.” The language here used is broad enough to cover every individual liability of Weinberg, and I think it must be so held unless a limitation of the liability of Weinberg is to be implied from the use of the word “ indebtedness.” It is urged by counsel for defendants that the indebtedness intended to be secured was H. Israel Weinberg’s indebtedness,, as distinguished from his liability as indorser for others, upon which he could only be charged by protest and notice, and his liability as joint maker and surety for another. The contention sought, to be upheld by authority is, that the language of the bond is to-be given its ordinary sense, and that so construed the intention expressed is to secure the debts of Weinberg, or only his own indebtedness incurred by him, and not the indebtedness of others. The context of the condition of the bond docs not limit the indebtedness in any way, but apt words are used giving to it the largest and most extended meaning. The indebtedness mentioned is all indebtedness of every name and nature incurred or afterwards to be incurred, or due or to become due from Weinberg to the plaintiff, and any renewals thereof. His indorsement, was a contract to pay the plaintiff the amount of the note when it.' became due, upon notice of presentment and non-payment, and cannot be regarded in any other light than the individual indebtedness then incurred by the said Weinberg. If not an indebtedness which he had then incurred, it certainly was indebtedness-which he had incurred after he had been charged as indorser, and therefore of the class of indebtedness mentioned as “ hereafter to-be incurred,” or which might “ hereafter become due from said Weinberg ” to the plaintiff. By the contract of indorsement or of surety Weinberg obligated himself to pay the whole of the debt, and thereby made it his indebtedness. The word itself may be held to include liabilities of every sort, present, and to accrue; liabilities contracted by indorsement, whether due or to grow due, and every debt of every character however arising. 10' Am. & Eng. Ency. of Law, '399, and notes.
The case here differs from Bank v. Turbox, 38 Hun, 57, where *655 it was held that a mortgage given to secure any and all indebtedness of the mortgagor could not be construed as indicating an intention to secure the payment of the debt of a firm, afterwards incurred, of which the mortgagor had become a member. The reasons for such construction as staled in Bank v. Thompson, 121 N. Y., 280; 30 St. Rep., 985, clearly are not applicable here. Neither is the case of Lashbrooks v. Hatheway, 52 Mich., 124, which is strongly pressed as in point applicable to this case. That case turned upon the effect to be given to a printed clause in the blank used in giving a security for the payment of a particularly specified debt.
The condition of the bond and mortgage here must, I think, be regarded as a continuing security, and not as a security for the payment of the first $25,000 of indebtedness incurred. The language is, all and every indebtedness incurred or thereafter to be incurred not exceeding $25,000 and renewals thereof. Agawam Bank v. Strever, 18 N. Y., 502; Merchants' Bk. v. Hall, 83 N. Y., 338. The notes discounted at the lawful rate of interest, to which exchange was added, and deducted from the amount of the note,, are within the inhibition of the statute against usury as the notes were not made payable at another place than that at which the same were discounted. The amount recoverable by a bank in such cases is the amount actually loaned, without interest. Hintermister v. First National Bank, 64 N. Y., 212, 215. H. Israel "Weinberg having given his mortgage to secure the debt, can avail himself of the defense of usury. The security itself is tainted with the usury.
J. & Q. Van Voorhis and Cogswell, Bentley & Cogswell, for app’lts; Walter S. Hubbell, for resp’t.
Judgment appealed from affirmed, with costs, on the opinion of the referee.
Dwight, P. J., Macombeb, Lewis and Haight, JJ., concur.