(81 N. W. Rep. 64.)

---

MARY LEALOS vs. UNION NATIONAL BANK OF GRAND FORKS.

Opinion filed November 10, 1899.

**Right to Recover Usury Paid is Personal to the Borrower.**

The right given by section 5198, Rev. St. U. S., to recover double the interest paid to a national bank, when the interest so paid is

greater than allowed by the laws of the state, is personal to the party paying such usurious interest; and an action to recover the same can be maintained only by such person, or his or her legal representative.

### One of Two Joint Makers Cannot Recover for Usury.

Where two persons execute their joint note in favor of a national bank, which note is claimed to be wholly for usury, and the same is paid by one of the joint makers, an action cannot be maintained, under the section above referred to, to recover the penalty therein provided, by the other maker. The cause of action accrues to the person making the payment.

### Executrix Cannot Recover Usury Not Paid by Decedent.

A complaint, by an executrix of the last will and testament of her deceased husband, to recover double the interest paid for money borrowed from a national bank by her husband during his lifetime, which shows that no payments were made thereon by the husband, and that the total payments made to the bank by her as executrix did not equal in amount the sum alleged to have been borrowed, with lawful interest, and that the additional payments which constituted the usury were made by her in her individual capacity, prior to qualifying as executrix, does not state a cause of action in her representative capacity, under said section. Whether the action to recover for usury paid by an executrix should be maintained in her representative capacity, or individually, not decided.

Appeal from District Court, Grand Forks County; *Fisk,* J.

Action by Mary Lealos, administratrix of Edward Lealos, against the Union National Bank of Grand Forks. Judgement for plaintiff. Defendant appeals.

Reversed.

*Cochrane & Corliss,* for appellant.

Plaintiff is seeking to recover, so far as the allegation in her complaint is concerned, upon a contract between Edward Lealos in his life time, and the appellant. Under this averment and over timely objection she offered in evidence a written contract for a different amount than that alleged, and a joint contract of Edward and Mary Lealos. It was error to receive this contract in evidence. *Mayor* v. *Wilson,* 9 N. E. Rep. 17; *Cunningham* v. *Hobart,* 7 Gray, 423; *Dennis* v. *Spencer,* 45 Minn. 250. Plaintiff's action is upon a penal statute to recover a statutory penalty. *Greenberg* v. *Bank,* 5 N. D. 483; *Hancock* v. *Hodgson,* 4 Ill. 333; *Osborne* v. *First Nat. Bank,* 26 Am. Rep. 289. And plaintiff in such an action is held to a rigid and close proof of the allegations as laid in pleading. 27 Am. & Eng. Enc. L. 1043; *Long Island Bank* v. *Boynton,* 105 N. Y. 656, 11 N. E. Rep. 837; *Wheaton* v. *Voorhis,* 53 How. Pr. 319; *Hetfield* v. *Newton,* 7 N. Y. Ch. 958, 3 Sandf. 564; *Vroom* v. *Ditmars,* 4 Paige, 526; *Taylor* v. *Morris,* 22 N. J. Eq. 606, 612; *Cloyes* v. *Thayer,* 3 Hill, 565; *Griggs* v. *Howe,* 31 Barb. 100; *Clarke* v. *Hastings,* 9 Gray, 64; *Hannas* v. *Hawk,* 24 N. J. Eq. 126; *Morris* v. *Taylor,* 22 N. J. Eq. 440; *New Jersey, etc. Co.* v. *Turner,* 14 N. J. Eq. 329; *Gould* v. *Horner,* 12 Barb. 601; *Frank* v. *Morris,*

57 Ill. 138, 11 Am. Rep. 4; *Farmers' etc. Bank* v. *Lang,* 22 Hun. 372. The respondent after his proofs were all in asked and obtained leave to amend his pleading to correspond with the proofs; this over appellant's objection, also after repeated objections to the evidence because of irreconcilable variance between the complaint and the proof. This was clearly erroneous. *Wheaton* v. *Morris,* 53 How. Pr. 325; *Cincinnati etc. R. Co.* v. *Bunnell,* 61 Ind. 184; *Rutty* v. *Co.,* 6 N. Y. Supp. 23; *Barnes* v. *Seligman,* 8 N. Y. Supp. 834; *Seymour* v. *Fisher,* 27 Pac. Rep. 240; *Robinson etc. Co.* v. *Johnson,* 7 Gray 423; *Southwick* v. *Bank,* 84 N. Y. 420; *Lawrence* v. *Knies,* 10 Johns. 140. The rule requiring strict pleading in usury cases is of no avail under the practice indulged in this case. *Lawrence* v. *Knies,* 10 Johns. 140; *Frank* v. *Morris,* 57 Ill. 138, 11 Am. Reps. 6. The pleading was not amended by service of the proposed amendments. *Caledonia Gold Min. Co.* v. *Noonan,* 3 Dak. 189, 14 N. W. Rep. 426. If Mrs. Lealos paid usury she should sue in her individual and not in her representative capacity to recover it back. The pleading and proof show that no usurious interest was paid by Lealos in his life time. § 5198 Rev. Stat. U. S.; *Bingham* v. *Marine Nat. Bank,* 41 Hun. 377; *Buckland* v. *Gallop,* 105 N. Y. 457. The plaintiff, suing in her capacity as executrix, cannot recover moneys due to her individually. *Lynch* v. *Davis,* 12 How. Pr. 323; *Stockton* v. *Chalmers,* 17 Pac. Rep. 229. The statute in this case creates the remedy and gives it to the person who pays the usurious interest only. Sec 5198, Rev. St. U. S. The right of Mrs. Lealos to recover usury paid by herself is personal to her if she has the right at all. *Buckingham* v. *Corning,* 91 N. Y. 525; 27 Am. & Eng. Enc. L. 949; *Stockton* v. *Chalmers,* 17 Pac. Rep. 229, 75 Cal. 332; *Blakely* v. *Newby,* 6 Munf. 64. Even if Mrs. Lealos used the money of the estate to pay the $50 note, the suit to recover should be in her name as an individual. She cannot recover in her representative capacity. *Thompson* v. *Whitmarsh,* 100 N. Y. 35; *Buckland* v. *Gallup,* 105 N. Y. 453.

*Bangs & Guthrie,* for respondent.

The court properly allowed plaintiff to amend her complaint to correspond to the proofs. If defendant had proved to the court's satisfaction that it was misled by the amendment, the court might have imposed terms. § 5293 Rev. Codes; *Catlin* v. *Gunter,* 11 N. Y. 368; *Tying* v. *Company,* 58 N. Y. 308; *Manning* v. *Tyler,* 21 N. Y. 567; 1 Enc. Pl. & Pr. 533. As to payments made by plaintiff in her representative capacity on the usurious contracts entered into by Edward Lealos prior to his death, she could sue either individually or as executrix. *Wolff* v. *Baird,* 123 Ill. 585; *Mowry* v. *Adams,* 14 Mass. 327; *Henderson Nat. Bank* v. *Alves,* 15 S. W. Rep. 132; 8 Enc. Pl. & Pr. 658; *Louisville Trust Co.* v. *Kentucky Nat. Bank,* 87 Fed. Rep. 143.

YOUNG, J. Mary Lealos prosecutes this action as the executrix of the last will and testament of her deceased husband, Edward

Lealos. The defendant is a national bank, organized under the laws of the United States, doing business in the City of Grand Forks, in this state. The plaintiff sues in her representative capacity, as executrix, to recover the penalty provided by section 5198, Rev. St. U. S., for taking usurious interest. She was successful in the District Court, and recovered a verdict for $516.60. A motion for a new trial was made and overruled, and judgment was ordered and entered against the defendant for the amount of the verdict so returned. Defendant appeals from the judgment, and specifies here the same errors which were urged in its motion for a new trial in the District Court.

We will consider only one of appellant's assignments of error. It is in this language: "The court erred in overruling defendant's motion, made at the close of all the evidence in the case, and after plaintiff and defendant had both rested, to instruct the jury to find a verdict for the defendant." The motion referred to was as follows: "The defendant moves the court for a directed verdict upon the grounds and for the reasons: First, that the complaint does not state facts sufficient to constitute a cause of action; second, that the facts proved are not sufficient to constitutite a cause of action against the defendant." This motion was overruled, and exception taken by the defendant. The motion to direct a verdict, which alone we will consider, is directed to the sufficiency of the complaint and the evidence, and involves a consideration of both. The plaintiff's complaint, in substance, alleges that she was the wife of Edward Lealos at the time of his death; that during his lifetime he made a will, naming her as executrix; that he died in November, 1896; that his will was proved on August 31, 1897, and letters testamentary were issued to her; that she then qualified, and entered upon the discharge of her duties as such executrix; that prior thereto, on November 30, 1895, the said Edward Lealos borrowed from the defendant the sum of $980, which sum he agreed to repay on September 1, 1896; that the defendant charged 10 per cent. interest on said sum, and in addition to said 10 per cent. the further sum of $70, with interest thereon at the same rate, all of which her said husband agreed to pay; that the aforesaid charges for interest were knowingly made by the defendant, with full knowledge that they constituted a higher rate of interest than is allowed by the laws of this state; "that thereafter, and on the 30th day of November, A. D. 1896, the plaintiff paid to the said defendant on account of said loan and the interest thereon the sum of $155; that thereafter, and on September 2, 1897, the plaintiff paid to the defendant the sum of $224.12, and on October 1, 1897, the sum of $883.25; that by reason of the foregoing facts the plaintiff has paid to the defendant the sum of $282.60 as and for interest on said loan so made as aforesaid,"—followed by a demand for judgment against the defendant for the sum of $565.20, which is double the amount of the total interest so alleged to have been paid. From the foregoing allegations it will be seen—First, that

no portion of the sum borrowed, either principal or interest, was paid to the defendant by Edward Lealos during his lifetime; second, that the payment of $155 on November 30, 1896, by Mary Lealos, was made by her individually, and not in a representative capacity, for it is alleged in the complaint that she did not qualify and enter upon her duties as executrix until August 31st of the next year; third, that the sums alleged to have been paid by her to the defendant in the fall of 1897, and after she had entered upon her duties as executrix, to-wit: $224.12 on September 2, 1897, and $883.25 on October 1, 1897, do not equal in amount the sum required to repay the money alleged to have been borrowed by her husband, with lawful interest, and that such payments so made do not, therefore, constitute the payment of usury by her in her representative capacity.

The undisputed evidence establishes the following facts, which are material to our inquiry on this motion: The loan made to Edward Lealos was $1,000, and not $980, as alleged in the complaint. The loan was negotiated and agreement as to interest made by Lealos in person. On November 30, 1895, the plaintff and her said husband executed their joint notes, dated on that day, in favor of the defendant, as follows: One for $1,000 and one for $50, both due September 1, 1896, and both bearing 10 per cent interest from their date until paid. These notes were secured by a mortgage upon certain land located in Minnesota; also, by a chattel mortgage. All of the papers were prepared by the officers of the defendant bank, pursuant to the negotiations had exclusively with Edward Lealos, and were signed by the latter and his wife in the office of the bank, at Grand Forks. One thousand dollars, in the form of a check or draft, was turned over to Lealos by defendant, in plaintiff's presence, as soon as the papers were signed; and this check was cashed immediately by one Cunningham, to whom Lealos transferred it. No money was paid directly to plaintiff at that time, or at any other time, for the $50 note. On October 16, 1896, Edward Lealos died. On November 30, 1896, the plaintiff arranged for an extension of the $1,000 note for one year. This was secured by promising to pay 12 per cent. interest, the note so extended bearing but 10 per cent. On the same day she paid the $50 note, which was signed by herself and husband jointly, and also paid all or a part of the interest due on the $1,000 note. During the next fall she paid the balance remaining due on the $1,000 note. There was no contention during the trial that the $1,000 note was usurious, or that any usurious interest had been paid upon it. The whole case was made to turn upon the $50 note. Plaintiff's counsel stipulated in the record "that the only question of usury in this case is that embraced in the $50 note, which it is contended was given for usury or bonus upon the $1,000 note. If the jury should find that the $50 note was not given as we contend, we will consent that the court shall charge the jury for the defendant." And on this stipulation the case was submitted to the jury. The evidence of plaintiff on this point is based upon the fact that no money

was paid over on the $50 note when the papers were signed, and also upon a certain statement which she testifies an officer of the bank made to her at the time in reference to this note, to the effect that it was theirs; that this was the way they did business. The president and cashier of the defendant bank, who had entire charge of this loan, and conducted the negotiations for making it, and who consummated it, testify that no usury was charged, either directly or indirectly; that the $50 note was given to cover certain items which the defendant had already disbursed, or was thereafter to disburse, for Mr. Lealos, partly in connection with the examination and correction of the title to the land offered as security, and in part to pay a small balance due on a note which Mr. Lealos owed to William Deering & Co.; that these disbursements were made at the request of Lealos, and for his benefit; and that the note for $50 was given to cover them, as an estimated amount, subject to correction by either party. In this connection Mr. Beecher, the president, testifies that he personally paid $36.50, to take up the Deering note to which reference has been made, to their agent and collector, and produces the canceled note, indorsed, "Paid 12—2—95, Wood," which indorsement he says was put there by the agent in his presence, and on the date it bears, which is two days after the loan was made. They also testify to paying an attorney in Crookston $10 for services in connection with the title to the land; also, the sum of $14 to a firm of attorneys in Grand Forks for similar services; also, the sum of $10 to one Salisbury for two trips to examine the land and attend to matters preliminary to the loan,—and that all these payments were made at the request of Lealos. This testimony is explicit, and Mrs. Lealos' testimony is not necessarily in conflict with it. If it were a question of fact before us for determination, we would have no hesitation in saying, under the evidence, that the $50 note was not given for interest, but to cover the various items of expense paid and to be paid at the time the note was given.

Whether the testimony of the plaintiff is of sufficient weight to sustain a finding by the jury that the $50 was given for usury is an altogether different question, and one which we need not discuss; for if we were to concede that this note was given without consideration, and is wholly for usurious interest, still we are of the opinion that plaintiff cannot recover in this action. The action is brought under the United States statutes. The sections or portions thereof which are important are as follows: Section 5197, Rev. St. U. S.: "Any association may take, receive, reserve and charge on any loan or discount made, or upon any note, bill of exchange or other evidence of debt, interest at the rate allowed by the laws of the state where the bank is located and no more." Section 5198 in part reads as follows: "The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the

entire interest which the note, bill or other evidence of debt carries with it or which has been agreed to be paid thereon. In case the greater rate of interest has been paid the person by whom it has been paid, or his legal representatives, may recover back in an action in the nature of an action of debt, twice the amount of the interest thus paid, from the association taking or receiving the same." The foregoing section provides for a forfeiture of all interest when usurious interest has been merely stipulated for. *Bank* v. *Dushane,* 96 Pa. St. 340. But the right to sue to recover back (in other words, a cause of action) is not given until the usurious interest is paid, and the right of recovery arises at once upon such payment, in favor of the person making it, or his or her legal representatives, and to no other person. In *Stephens* v. *Bank,* 88 Pa. St. 157, it was said "that the remedy for the owner to recover it back is by a personal action. The right of action accrues the very instant the usury is paid," and this "whether the debt has been paid or not." *Bank* v. *Overholt,* 96 Pa. St. 327. "It is actual payment on the foot of the usurious contract, either in whole or in part, which consummates the usury, and from which the limitation of the action for the penalty commences to run." *Brown* v. *Bank,* 72 Pa. St. 209; *Shinkle* v. *Bank,* 22 Ohio St. 517; *Hintermister* v. *Bank,* 64 N. Y. 212. "Each payment of illegal interest must be regarded as a 'transaction' within the intent of the statute, and, when such payment is actually made or occurs, the two-years limitation commences to run as to that payment from that time." *Lynch* v. *Bank,* 22 W. Va. 554. In *Nichols* v. *Bellows,* 22 Vt. 585, it was held that "when separate securities are given for the usury, whether at the time of negotiating the loan or afterwards, and the usury when paid is applied upon such securities, the debtor is at liberty to treat such a payment as having no connection with the legal demand, and bring his action to recover it back." So, too, the same court, in *Davis* v. *Converse,* 35 Vt. 501, in discussing the application of payments, said: "That where the security is only for the principal and legal interest, and the unlawful interest is either put into a separate obligation, or rests in a verbal agreement, so that when paid it is not indorsed upon the note, but is paid as usury *eo nomine,* it is otherwise; and a right of action accrues immediately to sue and recover it back, though the lawful debt is still unpaid," citing *Grow* v. *Albee,* 19 Vt. 540; *Nelson* v. *Cooley,* 20 Vt. 201; *Day* v. *Cummings,* 19 Vt. 496; *Nichols* v. *Bellows,* supra; and *Ward* v. *Whitney,* 32 Vt. 496. Likewise it is uniformly held that no one except the party who pays the usurious interest, or his legal representative, can recover it back. The plain language of the statute makes any other conclusion impossible. *Lezear* v. *Bank,* 52 Md. 78; *Smith* v. *Bank,* 26 Ohio St. 152; *Scott* v. *Leary,* 34 Md. 395; *Hough* v. *Horsey,* 36 Md. 184. Further, it is settled law that when one of two joint makers of a note brings an action to recover the penalty provided by section 5198, Rev. St. U. S.,

he will be denied a recovery if it shall appear that the payment of usury was not made by him, but by his joint maker. *Timberlake* v. *Bank* (C. C.) 43 Fed. 231; *Bank* v. *Rowley* (Kan.) 34 Pac. Rep. 1049. Applying these tests to the complaint in this action, and to the evidence offered in support of it, has the plaintiff either pleaded or proved a cause of action? We are of the opinion that she has not. It is patent that the cause of action which plaintiff now attempts to assert had no existence during the lifetime of Edward Lealos, and is not the assertion of a right of action which he might have prosecuted; for he had no right of action, inasmuch as he made no payments to the defendant upon the alleged usurious loan of any sum, either of interest or principal. It is clear that and right of action to recover back which may have arisen has had its orgin since the death of Edward Lealos. Whether an executrix who discharges the usurious obligations of the testator by paying them is to be considered as making the payments in an individual or representative capacity is a mooted question, which we will not discuss; for if it were conceded that all of the payments made by plaintiff since she became executrix were made in her representative capacity, and from the funds of the estate, and she has a right to sue for the penalty as executrix, yet no cause of action is established for a recovery by her in the character in which she sues. The one fact which is wholly fatal to a recovery by plaintiff as executrix is that as such she paid no usury to the defendant. This appears upon the face of the complaint, and more clearly in the evidence. The complaint shows that she paid $155 individually before qualifying, and $1,107.37 after becoming executrix. This last payment, made in the capacity in which she now sues, was not the payment of usury, as has been shown. Further, the evidence discloses that when she made the individual payment of $155 she paid the $50 note signed by herself and husband, and which it is stipulated contained all of the usury charged by or paid to the defendant. Upon that note her obligations were the same as her husband's, and her right to refuse to pay it, or to pay it and to recover the penalty, were the same as his. She chose to pay it. At the moment that payment was made, the right to recover the penalty provided by section 5198, Rev. St. U. S., accrued to her personally, as the person making the payment, and not to her husband or his legal representatives. This case is somewhat similar to *Bank* v. *Rowley,* supra, which was an action by Rowley to recover the penalty for usury paid to the bank upon a note signed jointly by him and one Groves, and was brought under the same statute. The payment was made by Groves, and for that reason a recovery was denied to Rowely. The court said: "The bank, having ·charged and collected usurious interest, has become liable for double the amount of the illegal interest that was paid. The liability, however, is to the person who paid it. The penalty can only be enforced in the manner and under the circumstances provided in the act of congress which provides that

the right of recovery rests only in 'the person by whom it has been paid or his legal representatives.' From the evidence it appears that Rowley and Groves were joint makers of the note upon which the illegal interest was charged and paid. While the loan was made to Rowley, both of them were liable upon the note; and the bank, at its option, might have brought an action against one or both of them. The court has found that Groves, and not Rowley, paid the illegal interest, and that the payments were made by Groves out of his own money. The money having been paid by him, the liability arises in his favor, and no recovery can be had except by him or his legal representatives. * * * Under the facts of this case, a clear right of recovery is shown to be in Groves, and, as he is not a party to this action, he would not be bound by any judgment that was given therein. The right of action is in the person by whom the money is paid, and it has been held, under the same statute, that the joint maker of a note on which illegal interest is charged cannot recover the penalty from the bank, where the illegal interest was paid by the other maker. *Timberlake* v. *Bank*, (C. C.) 43 Fed Rep. 231."

Our conclusion is that upon the face of the complaint, and under the evidence, no right of action to recover the penalty provided by section 5198, Rev. St. U. S., ever existed in the plaintiff in her representative capacity as executrix, and that the right to sue for such penalty is shown to have been in her individually. The defendant's motion should therefore have been granted upon both of the grounds upon which it was based. The judgment of the District Court is reversed, and that court is directed to enter a judgment dismissing the action. All concur.