## SCHLESINGER v. LEHMAIER.

(Supreme Court, Appellate Term. June 13, 1906.)

BILLS AND NOTES—BONA FIDE HOLDERS—NOTICE—RIGHT OF BANK DISCOUNTING A USURIOUS NOTE.

    A bank, discounting a note with knowledge that it is void for usury, is not a holder in due course, within Negotiable Instruments Law, Laws 1897, p. 732, c. 612, § 91, defining a holder in due course as one having no notice of any infirmity in the instrument and defect in the title of the person negotiating it; and it cannot recover thereon, notwithstanding Banking Law, Laws 1892, p. 1869, c. 689, § 55, fixing the rate of interest which a bank may lawfully charge and setting forth the penalties recoverable on a bank knowingly taking an unlawful rate of interest, not including a forfeiture of the entire debt, which applies only to notes on which a bank knowingly charges usury, and not to notes absolutely void for usury at their inception.

Appeal from City Court of New York.

Action by Leo Schlesinger, receiver of the Federal Bank, against Ludwig Lehmaier. From a judgment for plaintiff (99 N. Y. Supp. 819) defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Otto C. Sommerich, for appellant.
Kneeland, LaFetra & Glaze, for respondent.

DAVIS, J. Appeal from a judgment of the City Court in favor of the plaintiff and against the defendant for $1,140.93. A jury trial was waived. The action was brought by the plaintiff as receiver of the Federal Bank on the promissory notes made by the defendant. These notes were for $500 and $454.50, respectively, and each was made payable to the order of the maker, and each was indorsed by him. The complaint alleges that before maturity the notes were indorsed in blank by the defendant and discounted by the Federal Bank in due course, and that as receiver the plaintiff is the owner and holder of the two notes. The answer denies that the plaintiff is a holder in due course, and among other defenses alleges:

"(2) That both the notes described in the complaint were made and delivered to the Globe Security Company under the following circumstances: That on or about the 2d day of November, 1905, the defendant made a note for $819.50, dated on that day, wherein he promised to pay the said sum four months after said date, to the order of the defendant, and thereafter indorsed the said note in blank, and delivered the same to the Globe Security Company. That thereafter, when the said last-mentioned note became due, the defendant did not pay the said note, and in payment thereof made and delivered to the

Globe Security Company the two notes mentioned in the complaint. That the said notes mentioned in the complaint, amounting in the total to nine hundred and fifty four and 50/100 dollars ($954.50) and interest, include the said sum of eight hundred and nineteen and 50/100 dollars ($819.50) and the sum of one hundred and thirty five and 50/100 dollars ($135.50) interest, the last-mentioned sum being far in excess of interest at the legal rate, and said interest is therefore at a usurious rate, and the Federal Bank of New York received the notes with knowledge of all the facts alleged in this separate defense."

There is another defense, similar to the one just set forth, but tracing back these notes to their origin in a note for $400 made on or about January 29, 1903, for a loan of $350. At the trial, certain concessions having been made, the plaintiff put in evidence the two notes with their indorsements, proved the interest due, and rested. A motion to dismiss the complaint was denied, whereupon the plaintiff moved to dismiss all the separate defenses of the defendant. This motion was granted, and evidently upon the ground that these defenses were insufficient in law.

The principal question on this appeal is whether the second and third defenses are good. If they are good, there must be a reversal of the judgment. These defenses assert in effect that the notes in question had their inception in a usurious transaction between the Globe Security Company and the defendant; that the Federal Bank thereafter received the notes with knowledge of all the facts, including the usurious character of the notes; and that therefore it was not a holder in due course. Assuming for the present the truth of these allegations of the answer, it appears that the notes had their inception before they came into the hands of the bank, and that they were void for usury before the bank discounted them. They could not be enforced by the Globe Security Company against the maker. They were absolutely void. Section 5, tit. 3, c. 4, pt. 2 (1st Ed.) Rev. St. There is no claim that the bank discounted these notes at a usurious rate of interest. The contrary is assumed. We have, then, a case where a bank, with knowledge that a completed note is absolutely void for usury, nevertheless buys or discounts that note and afterwards seeks to compel payment by action. I think that, where such knowledge on the part of the bank exists before it buys or discounts the note, it is not a holder in due course, because at the time it was negotiated to the bank it had notice of the "infirmity of the instrument" and "defect in the title of the person negotiating it," and for that reason it cannot recover on the note. Neg. Inst. Law, Laws 1897, p. 732, c. 612, § 91.

The learned justice who tried the case viewed these defenses as ordinary pleas of usury, and therefore insufficient as defenses in this case, because of the provisions of section 55 of the banking law (Laws 1892, p. 1869, c. 689). That section, after fixing the rate of interest which a bank or banker may lawfully charge, proceeds to set forth the penalties to be recovered against the bank or banker who knowingly takes an unlawful rate of interest. These penalties do not include a forfeiture of the entire debt, and without doubt it is the law that, where a bank knowingly takes a usurious rate of interest, it is no defense to an action to enforce payment of the note to say that, the note was

usurious. Section 55 creates exception to the general rule that usurious notes are void by validating notes given to banks or bankers in usurious transactions to which the bank or bankers were parties. But this section has no application to notes absolutely void at their inception. It applies only to notes on which the bank or banker knowingly charges usury. It does not allow a banker to buy or discount an instrument known by him to be void, and by that act to make it valid. From the very terms of the section it is clear that it applies to notes made usurious by the act of the bank or bankers, and not to notes already tainted with usury when they come to the hands of the bank, as in the case at bar. This appears more clearly when we consider what would happen in case the defendant or the Globe Security Company should attempt to enforce by action the penalties set forth in section 55. These penalties are to be recovered against the bank charging usury. In this case they must be recovered, if at all, against the Federal Bank. They are a forfeiture of the entire interest agreed to be paid, or, in case any interest has been paid, the bank will have to return twice the amount of the excess interest paid. Hintermister v. First Nat. Bank, 64 N. Y. 212. But in the case at bar the bank did not take the usury. No excess of interest was paid to it. Therefore there can be no recovery of penalties, either by the defendant or by the Globe Security Company, against the bank. The usury was taken by the Globe Security Company before the note came to the hands of the bank. These considerations show that the transaction between the Federal Bank and the Globe Security Company by which the bank became the holder of these notes does not come within the class of cases provided for in section 55 of the banking law. We therefore conclude that it would be a good defense, if the defendant proved that the notes were given to the Globe Security Company upon a usurious consideration and by it delivered to the Federal Bank with previous knowledge that the notes were usurious. If what is asserted by the defendant be true, the Globe Security Company had no title to the notes, and it could not confer any title upon anybody else who had previous knowledge of the defect of title, even upon a bank.

We therefore conclude that the learned justice erred in granting the motion to strike out the second and third defenses. The defendant has a right to prove, if he can, the void character of the notes and plaintiff's previous knowledge on this point. If he succeeds, he defeats the plaintiff's recovery.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.