THE NATIONAL BANK OF AUBURN, Respondent, *v.* EDWIN LEWIS, Impleaded, etc., Appellant.

In an action by a national bank upon a promissory note one count of the answer alleged, in substance, that the note was presented by its makers to plaintiff for discount for their sole benefit which was known to plaintiff; that it discounted the note and "then and there knowingly, corruptly and usuriously deducted therefrom and took, received, reserved and charged by way of discount and  *   *   *   for the loan and forbearance of the sum of money secured by said note" a sum of money much greater than seven per cent for the time the note had to run, "to wit, the sum of $160 or thereabouts," and asked that the interest paid and that which the note carried with it should be adjudged to be forfeited. *Held,* that the said count sufficiently set forth a corrupt and usurious agreement and was good as a plea of usury.

Also, *held,* that the facts stated established a case within the meaning and intent of the provisions of the national banking act in reference to usury (§§ 5197, 5198) authorizing the forfeiture of the interest, and that the same was available as a defense by way of set-off or rebatement; and that the recovery should be limited to the money actually loaned, without interest.

To create a forfeiture under the said provision it is sufficient that the usurious interest has been "taken, received or charged;" the provision is not limited to cases where the note upon its face carries interest with it.

An accommodation indorser has the same right as the maker to the benefit of the forfeiture given by said act by way of set-off or rebatement when sued alone upon his indorsement.

Where the note in suit is the last of a series of renewed notes, the original loan being usurious, the taint of usury affects the whole; the forfeiture of the entire interest follows and credit must be given for all the interest which has been paid from the beginning of the transaction.

*National Bank of Auburn v. Lewis* (10 Hun, 468), reversed.

(Argued December 5, 1878; decided December 20, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial, without a jury. (Reported below, 10 Hun, 468.)

This action was brought upon a promissory note made and executed by the firm of "Bench Bros. & Co.," and indosed

by defendant Lewis. Lewis alone answered. The material portions of his answer are set forth in the opinion.

It was conceded upon the trial that Lewis was an accommodation indorser without consideration. Lewis offered to prove the facts set up in his answer. This was objected to upon the ground that the answer set up no defense to the action, which objection was sustained and said defendant duly excepted.

*Rollin Tracy*, for appellant. The entire interest usuriously taken should be adjudged forfeited and be deducted from the note in suit. (U. S. R. S., 1010, 1011, 1012, §§ 5197, 5198; 1 R. S. [Edm. ed.], 725, §§ 1–2; *Farmers and Mechanics' Nat. Bk.* v. *Deering*, 1 Otto, 29; *Hinterminster* v. *First Nat. Bk.*, 63 N. Y., 212, 215; *Brown* v. *Second Nat. Bk. of Erie*, 12 Penn., 209, 213; *Overholt* v. *Nat. Bk. of Mt. Pleasant*, 82 id., 490; *Lucus* v. *Government Nat. Bk. of Pottsville*, 78 id., 228; *Nat. Bk. of Madison* v. *Davis*, Thompson's Nat. Bk. Cases, 350; *Crocker* v. *First Nat. Bk. of Chetopa*, id., 317; *Bk. of Increase* v. *Finlay*, 6 Hun, 584; *First Nat. Bk. of Whitehall* v. *Lamb*, 50 N. Y., 95.) The entire line of discounted notes constitute but one connected and continuous transaction. (*Overholt* v. *Nat. Bk. of Mt. Pleasant*, 82 Penn., 490; *Nat. Bk. of Madison* v. *Davis*, Thompson's Nat. Bk. Cases, 350; *Calce* v. *First Nat. Bk. of Lebanon*, The Reporter, vol. 5, 509; *Brown* v. *Second Nat. Bk. of Erie*, 72 Penn., 209; *Tuthill* v. *Davis*, 20 J. R., 286; *Dig* v. *Van Wyck*, 2 Hill, 522.) The appellant being only an accommodation indorser and without consideration, and the notes having been made for the sole purpose of being discounted and for the sole benefit of the makers, which facts plaintiff knew, was entitled to the same benefit under the national banking act by way of rebatement or set-off of the interest usuriously taken. (*In re Wild*, 11 Blatch., 243; *Nat. Exch. Bk. of Columbus* v. *Monroe*, 2 Bond's C. C. R., 170; *Brown* v. *Second Nat. Bk. of Erie*, 72 Penn., 209; *Calce* v. *First Nat. Bk. of Lebanon*, The Reporter, vol. 5,

509; *Livingston* v. *Harris*, 11 Wend., 329; *Cole* v. *Savage*, 10 Paige, 583; *Post* v. *Bk. of Utica*, 7 Hill, 391; *Perine* v. *Striker*, 7 Paige, 602; *Lucas* v. *Gov. Nat. Bk. of Pottsville*, 78 Penn., 228.) The answer stated sufficient facts to establish a forfeiture of all the interest and to entitle the appellant to the benefit thereof. (10 Hun, 468, §§ 5197, 5198; *Merchants Ex. Nat. Bk. of N. Y.* v. *Commercial Warehouse Co.*, 49 N. Y., 635; *Fiedler* v. *Darrin*, 50 id., 437 [443]; *Reinback* v. *Crabtree*, 77 Ill., 182, 188; *Fulton Bk.* v. *Stafford*, 2 Wend., 483; 66 N. Y., 396; 7 N. Y. Weekly Dig., 274.)

*E. H. Avery*, for respondent. The answer failed to state facts requisite to establish the defense of usury. (*Manning* v. *Tyler*, 21 N. Y., 567; *Murray* v. *Harding*, 2 Black., 865; *Vroom* v. *Ditmas*, 4 Paige, 533; *Curtis* v. *Mastin*, 11 id., 15; *Fay* v. *Grimstead*, 10 Barb., 321; *Gould* v. *Horner*, 12 id., 602, *Banks* v. *Van Antwerp*, 5 Abb. Pr., 411; *Nat. Bk.* v. *Orcutt*, 48 Barb., 256; *Cutler* v. *Wright*, 22 N. Y., 472.) None of the facts alleged constituted or worked a forfeiture of any portion of the interest paid by the makers, under the act of Congress. (12 U. S. Stat., 99, § 30; *Hasbrouck* v. *Paddock*, 1 Barb., 635; *Hinterminster* v. *First Nat. Bk.*, 64 N. Y., 215.) Usurious interest paid by the makers of a note cannot be recovered back by the indorser, or allowed by way of defense or set-off in an action against him. (*Nash* v. *White's Bk. of Buffalo*, 68 N. Y., 396; 2 R. S., tit. 3, §§ 3, 4; 12 Stat., 99, § 30; *Marine Bk. of Buffalo* v. *Fiske*, 9 Hun, 363; 2 R. S., 354, § 18, subds. 1, 2; *Kingston Bk.* v. *Gay*, 19 Barb., 457; *Lafarge* v. *Halsey*, 4 Abb., 397; *Rice* v. *Milks*, 7 Barb., 340; *Almy* v. *Harris*, 5 J. R., 175; *Stafford* v. *Ingersoll*, 3 Hill, 38.)

MILLER, J. The first question for consideration upon this appeal is whether the answers of the defendant state facts sufficient to establish the defense of usury, if proven. The claim of the plaintiff is in substance that no agreement is

alleged which distinctly states facts necessary to make out a violation of the law relating to usury. It cannot be denied that in interposing the defense of usury, it must be pleaded with such precision and certainty as to make out, on the face of the pleading, that a corrupt and usurious contract has been entered into. My opinion is that the fifth and sixth answers of the defendant, without regard to the other answers, allege a usurious contract, which entitled the defendant to introduce the proof offered by him upon the trial, to establish usury. The fifth defense alleges that the note was presented for discount to the plaintiff, for the benefit of the makers thereof; all of which was known to the plaintiff at the time the same was discounted, and then proceeds as follows : " That this defendant has been informed and believes that said note, on or about the day of the date thereof, was presented by the makers thereof to the said plaintiff for discount, for the sole benefit of the said makers thereof. That the said plaintiff thereupon discounted said note, for the sole benefit of said makers thereof, and then and there knowingly, corruptly, and usuriously deducted therefrom, and took, received, reserved or charged, by way of discount, and then and there knowingly, corruptly, and usuriously took, received, reserved or charged for the loan or forbearance of the sum of money secured by said note, for the time the same then had to run, to wit : for the term of three months and three days, including the three days of grace allowed by law upon commercial paper, payable on time, a sum of money much greater than at and after the rate of seven per cent per annum, to wit : the sum of (one hundred and sixty dollars), or thereabouts." It then claims that the taking, receiving, reserving or charging a greater rate of interest than seven per cent per annum, as stated, should be held and adjudged a forfeiture of the entire interest which the note mentioned carried with it, and of the interest which was taken, received, reserved or charged. The averments made follow the language of the United States Revised Statutes, §§ 5197, 5198, the last of which provides for a forfeiture of the entire interest

which the note carries with it, and which has been agreed to be paid, and also for a recovery back, by the person by whom it has been paid or his representatives, in an action of twice the amount of the interest paid.

The facts stated show that the note was offered for discount; that there was a corrupt agreement between the plaintiff and the makers, in reference to the interest; that the amount of interest agreed upon was usurious and greater than seven per cent, and that such agreement was intentionally in violation of the statute, and hence was corrupt and usurious; and that the plaintiff received the interest and paid the amount, after deducting the same, to the maker. These in connection with the other allegations stated, show beyond question that this was done by the consent of the borrower, for it is apparent, under the circumstances, that he could not have received it otherwise. The sixth answer or defense avers that the discounting of the note in suit grew out of a series of transactions, sets out the several notes included in the line of discounts, embracing the note in suit, and alleges the taking, receiving, reserving and charging, on the renewal and discount of each note of the series, of a greater rate than the legal interest, the same as in the fifth answer, and must therefore be governed by the same rule. We have been referred to a number of decisions to sustain the position that the answers in the case at bar are not sufficiently specific and definite to establish a usurious and corrupt agreement; but after a careful examination of the cases cited, it is apparent that none of them go to the extent claimed. In such of them as hold that the pleadings are defective there was a striking and apparent want of sufficient allegations to establish a usurious and corrupt agreement. The averments in the answers which we have cited were quite as definite and full as in the case of *The Merchant's Exchange National Bank of N. Y.* v. *The Commercial Warehouse Co. of N. Y.* (49 N. Y., 635), and within that case may be upheld. The facts stated in the answers referred to were amply sufficient, if proven, to make out a corrupt and usurious agreement;

and the offer of proof presented the distinct question whether the interest paid was forfeited, or could be allowed, by way of set-off against or in rebatement of the plaintiff's demand.

As to the forfeiture of the interest under the act of Congress, we think it is quite clear that the facts stated by the pleadings establish a case within the meaning and intent of the act, and that the taking and receiving of illegal interest, under the circumstances, is available as a defense, by way of set-off or rebatement, in an action brought on the note claimed to have been usuriously discounted. The provision, § 5198, which declares a forfeiture is penal in its character, and, we concede, should be strictly construed, and not held to include any alleged violation that is not clearly within the plain intention of the act. Nor should it be enlarged by implication, but confined within its legitimate scope and object. Having due regard to this rule, we think a forfeiture of the interest means that it shall be lost to the lender, and that it shall be refunded, if required, when "taken in advance," as is authorized by section 5197, or otherwise received; and such forfeiture may be enforced when a suit is brought upon the note or obligation, and the recovery restricted to the actual sum loaned. Such a construction is placed upon the sections cited in some of the reported cases. In *Hinterminster* v. *The First National Bank of Chittenango* (64 N. Y., 212, 215), ALLEN, J., in construing the provisions cited, says : " That this forfeiture attaches and is enforced only in actions brought upon or to enforce the usurious contract. It limits the right of recovery in such actions to the money actually loaned without interest." In the State of Pennsylvania, it is held, in several cases, that when an action is brought by a national bank, upon notes discounted at a usurious rate of interest, when the defense of usury is interposed the bank can only recover the sum actually loaned or advanced, and the entire interest is forfeited, and may be set-off against the demand : (*Brown* v. *The Second National Bank of Erie*, 72 Penn., 209, 213 ; *Overholt* v. *The National Bank of Mt. Pleasant*, 82 id., 490; *Lucas* v. *Gov.*

*National Bank of Pottsville,* 78 id., 228; see, also, *National Bank of Madison* v. *Davis,* Thompson's National Bank Cases, 350.)

It is said, that under section 5198, interest can only be forfeited when the note carries interest with it, and the excessive rate of interest has been agreed to be paid. Such a construction would restrict a recovery to cases where the note bears interest upon its face only, and, I think, is not sanctioned by a fair interpretation of the law. If the interest has been paid in advance, as is authorized by law, then, within the meaning of the statute, that interest is carried with the note, and has been agreed to be paid upon the same. It is enough that it has been taken, received or charged, to create a forfeiture, as is held in the opinion, which analyzes the different sections of the act, in *F. and M. Nat. Bank* v. *Dearing* (1 Otto, 29), and as is also fully sustained in the cases to which we have referred. The effect of the construction contended for would be to render the law inoperative and of but little avail, as interest, in transactions of this kind, is usually paid in advance, as authorized, and cannot be upheld upon any sound rule applicable to the interpretation of statutes of this description.

The right of an accommodation indorser, without consideration, to the same benefit as the makers would have under the national banking act, by way of set-off or rebatement of the interest usuriously taken on notes discounted, is, I think, well settled. The first indorser is not a party in the action. It does not appear that the makers have been served with process; and the recovery here is sought against the second indorser alone. He is called upon to pay the entire demand; and, upon principle, there appears to be no reason why he is not entitled to the same defenses, as the maker may have. Section 5198 declares that there shall be a forfeiture, without confining it to the maker; and it is a reasonable presumption, that it should be for the benefit of any one who might be compelled to pay the obligation. We think it certainly applies to a party who has been sued upon the note and

against whom alone a remedy is sought, by an action to recover the amount of the same. That the indorser is entitled to the benefit of this provision is also decided in several cases : (*In re Wild*, 11 Blatchf., 243.) Wild was the indorser, without consideration, and a mere surety of the notes in question, which were given in renewal of prior notes held by a national bank ; and it was laid down by WOODRUFF, Circuit Judge, that the loan being made reserving a compensation exceeding seven per cent interest per annum, that "the transaction in question was within the prohibition of the national banking law, and that the bank, *eo instanti* it made the loan, upon the terms exacted, incurred the forfeiture of the entire interest which the notes *received, carried with them, or which was agreed to be paid thereon.*" (See, also, *Nat. Ex. Bank of Columbus* v. *Munroe,* 2 Bond. C. C. R., 170; *Brown* v. *Second National Bank of Erie,* 72 Penn., 209; *Calce* v. *First National Bank of Lebanon,* 5 Rep., 509.)

The moment usurious interest is taken or charged, the forfeiture is established ; and as the cases hold, any party to the transaction may avail himself of it, if payment is sought to be enforced against him. Under the usury laws of this State the term "borrower" includes any person who is a party to the original contract, or in any way liable to pay the loan : (*Wheelock* v. *Lee,* 64 N. Y., 247; *Bissell* v. *Kellogg,* 65 id., 432; *Livingston* v. *Harris,* 11 Wend., 329; *Post* v. *The Bank of Utica,* 7 Hill, 391.) Applying the same principle, the person by whom the usury is paid, or his legal representative, may well be regarded as including the indorser. The right to set-off the usury taken or to rebate the note to that extent, in this case, does not rest upon the same principle as the statutes in regard to that subject, in this State, but upon the construction of the act of Congress, which, as we have seen, is held in the reported cases cited, to authorize such a defense by the indorser, when sued upon the note. It is enough that, when called upon to pay, such right exists, without considering the question, which is not now before us, whether the indorser can maintain an action

to recover back the interest paid by the maker, before he has paid the demand.

In the case at bar, the entire line or series of notes discounted, which are stated at length in the sixth defense, constitute one connected and continuous transaction; and, under such circumstances, the taint of usury affects the whole; and when the bank sues to recover upon the last of a series of renewal notes, the forfeiture of the entire interest follows as a necessary result, and credit must be given for all the interest which has been paid from the beginning on the loan. (*Overholt* v. *National Bank of Mt. Pleasant, supra; Tuthill* v. *Davis*, 20 J. R., 286; *Calce* v. *First National Bank of Lebanon, supra; Brown* v. *Second National Bank of Erie, supra.*)

The defendant was clearly entitled, upon the trial, to introduce evidence showing the taking of usury upon the various notes described in the answers; and the court erred in rejecting the various offers made, relating to the same.

For the errors referred to the judgment must be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.