### FROESE *v.* PROSNITZ *et al.*

*(City Court of New York, Trial Term.　December 3, 1890.)*

USURY—IN RENEWAL NOTES—EFFECT ON CONTRACT.

    Where notes valid in their inception are afterwards renewed under an agreement for usurious interest, they are not thereby invalidated, but the usurious interest paid will be allowed as a payment.

Action by Robert Froese against William Prosnitz and others. The cause was tried by the court without a jury.

*Guggenheimer & Untermyer*, for plaintiff.　*John O'Connell*, for defendants.

McADAM, C. J.　The taint of usury undoubtedly attaches to the whole family of consecutive obligations and securities growing out of a transaction originally vicious, and none of the descendants in the line of liabilities, however remote, can be deemed to be free from the original taint if the family descent can be traced. *Dunning* v. *Merrill*, Clarke, Ch. 174; *Bank* v. *Lewis*, 75 N. Y. 524; *Claflin* v. *Boorum*, 25 N. E. Rep. 360.　While this is so, it is also true that an obligation, valid in its inception, is not invalidated by an usurious agreement for the extension of the time of payment; but the sum paid on the agreement for forbearance will in equity be applied as payment. *Trust Co.* v. *Keech*, 69 N. Y. 248.　The case at bar falls within the rule last stated.　Kraus owed Bendheim $21,500.　He gave him in payment certain outstanding book-accounts, a bond and mortgage, and certain promissory notes made by him, in all aggregating the amount of the debt, ($21,500.)　No usury entered into the creation of the original obligation.　The usury arose afterwards.　It appears that at the maturity of the original notes the time of payment was extended by the delivery of renewal notes, of which the note in suit is one.　It was agreed as a consideration for the extension of time that a sum exceeding 6 per cent. was to be reserved and taken as interest, and this is said to invalidate the renewed notes.　It does not.　No part of the usury went into the renewed obligations, but into an independent obligation not the subject of this action.　No counter-claim for the usury exacted is set up. Upon the pleadings and admissions of counsel, the plaintiff, as the holder of the note in suit by transfer for Bendheim, is entitled to judgment, so far as the defense of usury is concerned.　The defendants will be permitted to prove (if they can) the third defense pleaded in their answer, and for this purpose the trial will proceed on December 4th, at 11 A. M.