(22 Misc. Rep. 101.)

## CAPONIGRI v. ALTIERE et al.

(Supreme Court, Appellate Term. December 27, 1897.)

1. COUNTERCLAIM—USURIOUS INTEREST PAID.

Under Laws 1882, c. 409, §§ 68, 69, identical with the present revision (Laws 1892, c. 689, § 55), relating to usurious loans by private and individual bankers, a person thereby entitled to recover back, as a penalty, twice the amount of the interest paid, may, in an action against him by the banker to recover the amount loaned, set up his demand by way of counterclaim, under Code Civ. Proc. § 501.

2. USURY—RECOVERY—PROCEDURE.

The provision of Laws 1882, c. 409, § 69 (now Laws 1892, c. 689, § 55), that the true intent and meaning of the statute providing, in case of a usurious loan by a private and individual banker, for a recovery back of double interest as a penalty, "is to place and continue the private and individual bankers * * * on an equality, in the particulars above referred to, with national banks, * * *" does not in any way alter the rules of procedure, in regard to enforcing the claim, as existing in this state.

Appeal from city court of New York, general term.

Action by Pasquale Caponigri against Pasquale Altiere and Pietro Altieri. From a judgment of the general term (47 N. Y. Supp. 715), affirming a judgment for defendants, plaintiff appeals. Affirmed.

Action upon a promissory note by the indorsee against the maker and indorser, the defendants' contention being that the note was given in part renewal of one for a larger amount, which, with earlier renewals thereof, the plaintiff, a private and individual banker, had discounted for their accommodation at usurious rates, and that because of such usury the plaintiff had incurred a loss of all interest and a forfeiture of double the sum paid for the forbearance of the loan. The amount of such forfeiture was counterclaimed by the defendants.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Frederic J. Swift, for appellant.

Geo. C. De Lacy, for respondents.

BISCHOFF, J. The conclusiveness of the judgment of affirmance in the court below as to the facts in evidence (Meyers v. Cohn, 4 Misc. Rep. 185, 23 N. Y. Supp. 996), and the state of the record, restrict our authority upon this appeal to a review of the question whether or not the forfeiture or penalty urged by the defendants was available to them by way of counterclaim. The trial court ruled that it was, and the jury, consistently with such ruling, found for the defendants in $1,000, such being the amount in difference between the defendants' claim, at double the amount of the usurious interest paid by them, and that of the plaintiff, the principal of the note in suit. The state banking law (Laws 1882, c. 409, §§ 68, 69) provided as follows:

"Sec. 68. Every banking association organized and doing business under and by virtue of the laws of this state, and every private and individual banker, or bankers, doing business in this state, are hereby authorized to take, receive, reserve, and charge on every loan or discount made, or upon any note, bill of exchange or other evidence of debt, interest at the rate of six per centum per annum; and such interest may be taken in advance, reckoning the day for which the note, bill or other evidence of debt has to run. The knowingly taking, receiving, reserving or charging a rate of interest greater than afore-

said shall be held and adjudged a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon; and in case a greater rate of interest has been paid the person or person paying the same or their legal representatives may recover back twice the amount of the interest thus paid, from the association, or private or individual banker, taking or receiving the same; provided that such action is commenced within two years from the time the said excess of interest is taken. But the purchase, discount or sale of a bona fide bill of exchange, note or other evidence of debt, payable at another place than the place of such purchase, discount or sale, at not more than the current rate of exchange for sight drafts, or a reasonable charge for collecting the same, in addition to the interest, shall not be considered as taking or receiving a greater rate of interest than six per centum per annum.

"Sec. 69. It is hereby declared that the true intent and meaning of the last preceding section is to place and continue the private individual bankers and banking associations organized and doing business as aforesaid on an equality, in the particulars in said section referred to, with national banks organized under the act of congress, entitled 'An act to provide a national currency, secured by pledge of United States bonds, and to provide for the circulation and redemption thereof,' approved June third, eighteen hundred and sixty-four."

These provisions were retained in the revision of 1892 (Laws 1892, c. 689, § 55) identically as quoted.

Under an act of congress, according a right of action against national banks to a party paying interest upon a usurious loan, in phraseology substantially the same as that employed in this statute of our state, the court of appeals held that the borrower's demand for the penalty was properly the subject of a counterclaim to the bank's action to recover the money loaned. Bank v. Lewis, 75 N. Y. 516. In that case the defendant's right of demand arose solely from the act of congress, and that act was construed by the supreme court of the United States, subsequently to the court of appeals decision, as giving no right of an enforcement of the demand by way of counterclaim (Barnet v. Bank, 95 U. S. 555), which construction of the federal statute was conclusive upon the state courts (Hintermister v. Bank, 64 N. Y. 212, 214), and was therefore adopted by the court of appeals upon a reargument of the Lewis Case, 81 N. Y. 15. In the case at bar the defendants' rights, as against the plaintiff, a private banker. exist by virtue of a state statute which, unless some contrary legislative intent appears, must be construed in accordance with the views expressed by the court of appeals, when considering an act similarly framed, their decision being, so far, unrestricted by any more conclusive judicial authority. As an independent question, the matter is to be determined in favor of the maintenance of the counterclaim, since the court of appeals, as an independent tribunal, has so decided (Bank v. Lewis, 75 N. Y. 516); but it is claimed by the appellant that the legislature intended so to regulate the rights and liabilities of private bankers and state banks as to place them, in all particulars, upon an exact equality with national banks, and had to this extent adopted the provisions of the federal law governing national banks, as construed by the supreme court of the United States. The contention proceeds upon the following provision of the state banking law, as above quoted:

"It is hereby declared that the true intent and meaning of the last preceding section is to place and continue the private and individual bankers

* * * on an equality, in the particulars in said section referred to, with national banks. * * *"

The "particulars in said section referred to" have to do with the penalty for the taking of usurious interest, and the "equality" sought to be accomplished is obviously a uniformity of the penalty in the case of all banks, national and state, and individual bankers; the inequality being found in the situation whereby, but for this enactment, the national banks, dealing usuriously, forfeited twice the amount of interest received, and the state banks or individual bankers, in no greater fault, forfeited the entire subject of the loan. By the law of this state, counterclaims are favored as tending to avoid a multiplicity of actions (Manufacturing Co. v. Hall, 61 N. Y. 226, 237; Carpenter v. Insurance Co., 22 Hun, 49), and we are to presume that the legislature had knowledge of this aspect of the matter when omitting any specific restriction against this method of procedure from the act in question. Failing any provision which should place this statute without the scope of the statute regulating counterclaims (Code Civ. Proc. § 501), as liberally construed, we think that legislative intent was to equalize the rights of the national and state banks and individual bankers, while not in any way altering the rules of procedure as existing in this state, and, as so existing, the defendants were entitled to maintain their counterclaim in accordance with the decision of the court of appeals in Bank v. Lewis. As stated, this question of the legal enforceability of the counterclaim is the only one involved by the exceptions upon which reliance is placed by the appellant, and the judgment accordingly must be affirmed, with costs. All concur.