PASQUALE CAPONIGRI, Respondent, *v.* PASQUALE ALTIERI et al., Appellants.

1. PROMISSORY NOTE — INDIVIDUAL BANKER — USURY — COUNTERCLAIM. In an action by an individual banker against the maker and indorser of a promissory note upon which they claim to have paid usurious interest, the same rule must apply as in such an action by a national bank, and the penalty of double the sum so paid imposed by the General Banking Law (L. 1892, ch. 689, § 55) cannot be enforced by the defendants by way of counterclaim, but can only be recovered in a penal action brought for that purpose.

2. APPEAL — QUESTION NOT RAISED BELOW. Defendants, in an action on a promissory note, who recover upon the theory that they are entitled to the penalty imposed by the second clause of the second paragraph of section 55 of the General Banking Law for the taking of usurious interest, cannot urge for the first time on appeal that they are entitled to counterclaim the amount charged by the plaintiff upon the discount of the note, under the first clause of the second paragraph of such section, since that relates to the illegal interest knowingly stipulated for but not paid, and the appeal must be determined upon the theory which prevailed below.

*Caponigri* v. *Altieri,* 29 App. Div. 304, affirmed.

(Submitted December 10, 1900; decided January 8, 1901.)

MOTION for reargument of an appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered upon an order made May 6, 1898, reversing a judgment in favor of defendants, rendered by the Appellate Term of the Supreme Court, which affirmed a judgment of the General Term of the New York City Court affirming a judgment entered upon a verdict. (See 164 N. Y. 476.)

The nature of the action and the facts, so far as material, are stated in the opinion.

*H. K. Coddington* and *George C. De Lacy* for appellants. Under the state statute, " The knowingly taking, receiving, reserving or charging " illegal interest is a defense to an action to recover the loan thus tainted, to the extent that the plaintiff can recover no interest if illegal interest was reserved, and the defendant can in such an action set up as a counterclaim and recover twice the amount of illegal interest actually paid. (*National Bank* v. *Lewis,* 75 N. Y. 516; 81 N. Y. 15; *Barnet* v. *M. Nat. Bank,* 98 U. S. 555; *Hintermister* v. *F. Nat. Bank,* 64 N. Y. 212; *Perkins* v. *Smith,* 116 N. Y. 441; *Clements* v. *Yturria,* 81 N. Y. 285; Code Civ. Pro. § 501; *Cass* v. *Higenbotam,* 100 N. Y. 248; *Weston* v. *Turver,* 17 N. Y. S. R. 502; *Littman* v. *Coulter,* 23 Abb. [N. C.] 60.) The question whether these counterclaims were proper under our statute is not one of principle, but purely of practice, and

the fact that in our state statute it is stated that the object is to place state banks on an equality with national banks does not affect the question. (Code Civ. Pro. § 501.) The statute is a remedial statute and should be liberally construed. (*Perkins* v. *Smith,* 116 N. Y. 441.) So far as the reserving of the $300 on the original discount of the $3,000 note is concerned, it constitutes, even under the Federal decision, a valid defense *pro tanto.* (*Barnet* v. *M. Nat. Bank,* 98 U. S. 555; *Brown* v. *M. Nat. Bank,* 169 U. S. 390.)

*Charles W. Dayton* for respondent. The exceptions to the admission of evidence to prove the counterclaims, *i. e.,* penalties for alleged usurious payments, were well taken. (*Nat. Bank* v. *Lewis,* 81 N. Y. 19; *Barnet* v. *M. Nat. Bank,* 98 U. S. 555; *Driesback* v. *Nat. Bank,* 104 U. S. 52; *Carter* v. *Carusi,* 112 U. S. 478; *Walsh* v. *Mayer,* 111 U. S. 31; *Stephens* v. *Monongahela Bank,* 111 U. S. 197; *Cook* v. *Lillo,* 103 U. S. 792; *Lawrence* v. *Loan Co.,* 7 App. Cas. 163; *Bank* v. *Dearing,* 91 U. S. 35; *Dudley* v. *Mayhew,* 3 N. Y. 9.) No distinction can be drawn between the Federal and state statutes, and the same construction must be placed on each. (*Hintermister* v. *F. Nat. Bank,* 64 N. Y. 212; *Carter* v. *Carusi,* 112 U. S. 478; *Walsh* v. *Mayer,* 111 U. S. 31; *Cook* v. *Lillo,* 103 U. S. 792; *Nat. Bank* v. *Lewis,* 75 N. Y. 516; *Perkins* v. *Smith,* 116 N. Y. 441; *People* v. *Rosenberg,* 138 N. Y. 410; *F. N. Bank* v. *Dearing,* 91 U. S. 29.)

MARTIN, J. This is a motion for a reargument. Its purpose is to procure an order vacating the dismissal of the appeal to this court, and to obtain a determination of the questions of law presented upon the original argument. If we improperly dismissed, then it is clearly our duty to decide the case as it was first presented, and no further argument seems necessary.

The dismissal was upon the ground that the facts, as well

33

as the law, were before the Appellate Division, and that court
having neither dismissed nor affirmed as to the facts an appeal
to this court would not lie.   It turns out that although the
General Term of the City Court affirmed both the order deny-
ing a new trial and the judgment, yet, when the defendants
entered judgment upon the decision of that court they omitted
therefrom the affirmance of the order denying a new trial.
Therefore, as the appeal to the Supreme Court was from a
judgment which simply affirmed the judgment below and not
the order denying the motion for a new trial, the questions of
fact presented by that motion were not before the Appellate
Division and could not be passed upon by it.   (*Thurber* v.
*Harlem B., M. & F. R. R. Co.*, 60 N. Y. 326.)   Under
these circumstances it seems clear that the appeal to this
court should not have been dismissed, that the order of dis-
missal should now be vacated and the case decided upon the
questions presented upon the argument of the appeal.

The plaintiff was an individual banker, and brought this
action upon a promissory note made by one of the defendants
and indorsed by the other.   As a counterclaim they set up
certain transactions with which they alleged the note in suit
was connected and in which they claim to have paid the
plaintiff considerable amounts of usurious interest, and upon
such claim sought to recover double the sum thus paid.   The
defendants' claimed right of recovery was based upon the pro-
visions of chapter 689, Laws of 1892, which provides that
every bank and individual banker may receive and charge on
every loan or discount at the rate of six per cent per annum,
and that such interest may be taken in advance ; that the tak-
ing of a greater rate shall be adjudged a forfeiture of the
entire interest which the debt carries or which has been agreed
to be paid thereon ; that if a greater than the lawful rate of
interest has been paid, the person paying it or his legal repre-
sentatives may recover back twice the amount of the interest
thus paid from the bank or individual banker taking or receiv-
ing it, if the action is brought within two years ; and that

"the true intent and meaning of this section is to place and continue banks and individual bankers on an equality in the particulars herein referred to with the national banks organized under the act of Congress, * * * approved June 3, 1864."

That the plaintiff was an individual banker is admitted. If greater than lawful interest was paid him, then under the General Banking Law of 1892 (Ch. 689, § 55) the defendants, in a proper action, would be entitled to recover the penalty imposed by that statute. But the question here presented is, whether that penalty may be enforced by way of counterclaim in an action upon a promissory note. That question was first presented to this court in a case where a national bank was a party, and it was held that a counterclaim for the penalty might be allowed. (*National Bank of Auburn* v. *Lewis*, 75 N. Y. 516.) After that decision, however, the United States Supreme Court, in *Barnet* v. *Nat. Bank* (98 U. S. 555) adopted the opposite view, and held that such a demand could not be set up as a counterclaim in such an action, but could only be enforced in the manner stated in the act of Congress, which was by penal suit. After the decision in that case the *Lewis* case was reargued, and this court, following the decision in the *Barnet* case, then held that in an action brought to recover the amount of a promissory note discounted by a national bank, it could not be set up by way of counterclaim or set-off that the bank in discounting a series of notes took, and there was paid to it, a greater rate of interest than was allowed by law, but that the remedy was an action of debt to recover back twice the amount paid. If in the case at bar the plaintiff had been a national bank instead of an individual banker, the last decision in the *Lewis* case would be controlling. The appellants now contend: 1. That as the counterclaim in this action is based upon the statute of 1892, the question involved is one of pleading under the Code of Civil Procedure, and the decisions of the United States Supreme Court and of this court in the former cases do not apply, as no question of pleading arose

in those cases; and, 2. That they have no application because the plaintiff is an individual banker instead of a national bank.

The second decision of this court in the *Lewis* case does not justify the claim that no question of pleading under the practice of this state arose in that case, as the counsel for the defendant there claimed that setting up the forfeiture as a counterclaim presented a question of practice, did not involve the construction of a statute, and that the remedy by way of set-off or rebatement should be upheld. This court held otherwise, and that it by no means followed that the practice and pleadings which the legislature had prescribed for state courts in regard to a counterclaim or recoupment of mutual demands should defeat the object and intention of the Federal enactment.

As we understand it, the substance of that decision is that, in an action in the state court, the practice and pleadings prescribed in regard to a counterclaim cannot be resorted to to defeat the object and intention of the Federal enactment, and, hence, where a national bank usuriously received a greater than the lawful rate of interest, the amount so paid, although forfeited, cannot be recovered upon a counterclaim in an action upon a note, although it was connected with the transaction in which the usury was paid. Thus it is manifest that the question of practice in this state arose in the last decision of the *Lewis* case, where it was held that, notwithstanding the rules in this state in regard to set-off or counterclaim, they could not be applied to a case where the statute provided for a forfeiture, which was to be recovered by an action, and that the remedy thus given was exclusive and must be pursued.

The remaining question upon this branch of the case is whether a different rule applies to an individual banker doing business under the laws of this state. The determination of that question depends for its solution upon the intent of the legislature in enacting section 55 of the General Banking Law. When that intent is ascertained the statute must be enforced

in accordance therewith, and the court may not substitute its
views as to the justice or expediency of the statute. Nor can
it speculate as to the intention of the legislature where the
words of the statute are clear and plainly disclose the purpose
of its enactment. In this statute the legislature, after provid-
ing that a person paying greater than legal interest to a state
bank or individual banker may recover twice the amount paid
if an action is brought within two years, in clear and unmis-
takable terms declared the true intent and purpose of the
section. Its avowed purpose was to place the banks and
individual bankers of the state upon an equality in the par-
ticulars referred to with national banks organized under the
act of Congress. As we have already seen, as against national
banks such a forfeiture cannot be set up as a counterclaim,
but can only be recovered in a penal action. If, as the legis-
lature declared, it was its intent to place state banks and indi-
vidual bankers on an equality with national banks, it neces-
sarily follows that the legislature intended that the special
remedy which was required in one case should be required in
the other, and, hence, that under this statute, as well as under
the Federal statute, the penalty imposed for taking usury
must be recovered in a penal action. The method of enforc-
ing this right is inseparable from the right itself, and must in
each case be recovered in the manner pointed out by the stat-
ute. The equality between state and national banks, for which
the legislature intended to provide, can be maintained in no
other way than by confining the person seeking to enforce the
penalty to the same remedy, whether the bank or individual
banker be organized and doing business under the state
law or under the Federal statute. We think, under the
state as well as under the Federal law, a debtor claiming
that usury has been paid cannot counterclaim the stat-
utory penalty therefor, but his remedy under the statute
of 1892, like that under the Federal law, is to bring an
action for the penalties thus imposed when the action may be
tried untrammeled by and disconnected from any other trans-

actions or business between such person and the bank or individual banker. If the same rule does not apply to state banks or individual bankers as applies to national banks, then the former do not receive the equality which it was the express purpose of the State Banking Law to afford them, and which by that statute was declared to be the true intent thereof. The purpose of the requirement, that the penalty should be enforced by penal action, is obvious. It is to enable the privileged banker to recover the principal of his debt, irrespective of any considerations arising out of usurious transactions so far as the penalty imposed is concerned, and he is not to be interfered with nor prevented from enforcing his debt in an action brought for that purpose by being required to litigate the subject of his liability for a penalty. " While the plaintiff in such cases (actions for penalties), upon making out the facts, has a clear right to recover, the defendant has a right to insist that the prosecution shall be by a suit brought specially and exclusively for that purpose, where the sole issue is the guilt or innocence of the accused, without the presence of any extraneous facts which might confuse the case, and mislead the jury to the prejudice of either party." (*Barnet* v. *National Bank*, 98 U. S. 555, 559.)

We are, therefore, of the opinion that the appellants' claim that a different rule applies, or that a distinction in this respect should be created between an action against a national bank and an action against a state bank or individual banker, cannot and ought not to be sustained in view of the clear and plain intent of the legislature as expressed in section 55 of the General Banking Law of the state.

Nor do we think the appellants are now entitled to counterclaim three hundred dollars which they allege was the amount charged by the plaintiff upon the discount of the note for three thousand dollars, which constituted the first transaction between the parties. The record discloses that the defenses or counterclaims set up in the answer are not based upon the first clause of the second paragraph of section 55, which

relates to illegal interest knowingly stipulated for but not paid where only the sum loaned without interest can be recovered. But, on the contrary, the defendants plainly alleged in their answer and on the trial were awarded judgment upon the theory that they were entitled under the second clause of that paragraph to recover a penalty equal to twice the amount of interest which had actually been paid to the plaintiffs by the defendants. In other words, the counterclaim was to recover a penalty for usurious interest which had actually been paid, and not to avoid the payment of interest which had been knowingly stipulated for but not paid. Upon that theory alone the case was tried at the Trial Term and decided by the Appellate Division. As the question under consideration was not presented nor decided by the trial court or Appellate Division, it cannot be raised here for the first time. A party who has acquiesced in the trial of an action upon a certain theory will not be heard to assert for the first time on appeal that there was error in adopting the theory he assisted in establishing as the law of the case. (*Vann* v. *Rouse*, 94 N. Y. 401; *Wellington* v. *Morey*, 90 N. Y. 656.) This appeal must be determined upon the theory which prevailed at the trial and upon which the case was decided by the Appellate Division.

The order and judgment of the Appellate Division should be affirmed and judgment absolute ordered for the plaintiff on the stipulation, with costs.

PARKER, Ch. J., O'BRIEN, HAIGHT, VANN and LANDON, JJ., concur; BARTLETT, J., concurs in result.

Judgment affirmed.