### HESSBERG v. MATTER.

(Supreme Court, Appellate Term. June 26, 1909.)

USURY (§ 101*)—PENALTIES AND FORFEITURES—SET-OFF AND COUNTERCLAIM.

Forfeiture of interest on a usurious loan may not be set up as a counterclaim in an action on the loan, but is recoverable only in a separate action.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 235–240; Dec. Dig. § 101.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Felix Hessberg against Tefwick M. Matter. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Louis H. Moos, for appellant.

Cohen, Creevey & Richter, for respondent.

MacLEAN, J. The complaint alleges that the plaintiff was and still is engaged in the business of banking in the city of New York; that on two separate occasions he loaned certain sums of money to the defendant, who, as security therefor, by writing assigned to the

plaintiff certain outstanding accounts in favor of the former against third persons; and that thereafter the defendant, in violation of the plaintiff's rights, collected two of said accounts, less discount, and converted same to his own use, refusing to pay same to the plaintiff upon demand. The answer, among other things, alleges that the plaintiff was to receive upon the loans interest at 20 per cent., and that therefore they were void.

Asked his business, the plaintiff on the trial answered: "Banking; private banker." By this he declared himself a person "who," as pronounced by the court (Folger, J., in People v. Doty, 80 N. Y. 225, 233) "exercises in his business no more than the rights and privileges common to all men, as distinguished from a bank or association or person who has taken advantage of the provisions of statutes, and by a compliance with the conditions of them has privileges not natural and common." That ruling notwithstanding, the plaintiff by his declaration, not contradicted or impeached, elected himself member of a class of privileged persons to whom immunities formerly conferred only upon incorporated banks have been extended by section 55 of the banking law (Laws 1892, p. 1869, c. 689), as interpreted with strait literalness by the court (Follett, J., in Perkins v. Smith, 116 N. Y. 441, 447, 449, 23 N. E. 21), whereby the public ban, "No person or corporation shall directly or indirectly take or receive * * * any greater sum for the loan or forbearance of any money" than the prescribed interest (1 Rev. St. [1st Ed.] pt. 2, c. 4, tit. 3, § 2), has been debilitated to a matter of nomenclature and the genus bugaboo for a man calling himself a private banker and making a business of getting extortionate interest, while it remains a real law against the man, be he citizen or sojourner, assuming no pseudonym or calling, who takes above the legal interest but once and therefore must lose his loan.

It is fact that interpretation has not wholly abolished the statutory forfeiture of the entire interest the note or other evidence of a usurious debt carries with it, or the twofold reimbursement of usurious interest actually paid. It has been ruled, however, that such forfeiture may not be set up as a counterclaim in an action upon the loan, but is recoverable only in a separate action, inasmuch as the loaner has a right to insist that the prosecution shall be by suit brought specially and exclusively for that purpose, without the presence of any extraneous facts which might confuse the case and mislead the jury to his prejudice. Caponigri v. Altieri, 165 N. Y. 255, 262, 59 N. E. 87; Barnet v. Muncie Nat. Bank of Indiana, 98 U. S. 555, 559, 25 L. Ed. 212. The rulings of the learned trial justice sustaining objections to evidence of usurious taints in the transactions were therefore legally correct.

Judgment affirmed, with costs.

GILDERSLEEVE, P. J., and SEABURY, J., concur in result.