METROPOLITAN TRUST CO. OF NEW YORK v. TRUAX.

(Supreme Court, Trial Term, New York County.  May 4, 1910.)

1. USURY (§ 143*)—PENALTY FOR EXACTION OF USURIOUS INTEREST—RECOVERY.
    The penalty for exacting usurious interest which has been paid is recoverable only in an action for that purpose, and may not be set up as a defense or as a counterclaim in the action for the original loan.
    [Ed. Note.—For other cases, see Usury, Cent. Dig. § 434; Dec. Dig. § 143.*]

2. BANKS AND BANKING (§ 181*)—FORFEITURE OF INTEREST—DEFENSE.
    Under Banking Law (Consol. Laws, c. 2) § 74, providing that knowingly reserving an illegal rate of interest shall work a forfeiture of the interest, the reservation of an illegal rate of interest prevents a recovery of any interest not already paid, and the fact of the reservation of illegal interest not paid may be set up in an action on the loan.
    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 698, 699; Dec. Dig. § 181.*]

Action by the Metropolitan Trust Company of New York against Alice Hawley Truax, as administratrix c. t. a. of Chauncey S. Truax, deceased.  Motion to set aside the verdict, and for new trial, conditionally denied.

Davies, Stone & Auerbach (Herbert Barry, of counsel), for the motion.

Parsons, Clossen & McIlvaine (Austen G. Fox, of counsel), opposed.

GIEGERICH, J.  The illegal interest stipulated for at the time of the original loan appears to have been paid by the borrower, and not merely to have been reserved by the lender.  It seems, therefore, that the penalty for that exaction must be enforced in an action brought for that purpose, and cannot be set up as matter of defense or counterclaim in this action.  Barnet v. Muncie Nat. Bank, 98 U. S. 555, 558, 25 L. Ed. 212;  Hessberg v. Matter, 64 Misc. Rep. 97, 117 N. Y. Supp. 1014.  The illegal interest agreed upon at the time of the renewal of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the loan appears to have been paid to the extent of $5,000 only. The sum so paid cannot be set off in this action, but may be recovered in a penal action. The reservation of an illegal rate, however, prevents the recovery of any interest not already paid. Banking Law (Consol. Laws, c. 2) § 74; Barnet v. Muncie Nat. Bank, supra. Consequently the verdict should be reduced by the amount of the interest for the period between May 14, 1907, and the commencement of the action.

The plaintiff detached coupons of the face value of $45,000, which must be taken to be their actual value, in the absence of evidence to the contrary. The interest paid by Mr. Ertz as interest, and excluding the sums which the parties described as commissions, amounted to $24,000. The difference is $21,000, and I think the verdict should be further reduced to the extent of one-fortieth of that sum, or $525.

If the plaintiff elects to take a reduction of the verdict to the extent indicated, it will be so ordered, and the motion for a new trial will be denied; otherwise, the motion will be granted. Settle order on notice.