PUBLIC BANK OF NEW YORK CITY v. LONDON et al.

(Supreme Court, Special Term, New York County. March 10, 1914.)

BANKS AND BANKING (§ 181*) — FORECLOSURE OF MORTGAGE — DEFENSES — USURY.

Defendant executed the mortgage sought to be foreclosed to a private banker to secure a loan, under an agreement by which mortgagor was to pay to mortgagee 12 per cent. interest, though the bond and mortgage provided only for 6 per cent., and interest was paid to both the mortgagee and plaintiff, his assignee, at the rate of 12 per cent. The Banking Law provides that every bank and private banker may charge on every loan interest at 6 per cent. per annum, and that knowingly receiving and charging a greater rate of interest shall be adjudged a forfeiture of the entire interest agreed to be paid, and if a greater rate has been paid the payer may recover back twice the amount of the interest thus paid from the bank or private banker taking it, if such action is brought within two years from the time the excess is taken, and further provides that the true intent is to place and continue private banks on an equality, in the particulars referred to, with national banks organized under the act of Congress providing for a national currency secured by pledges of United States bonds, approved June 3, 1864. Laws 1870, c. 163; Laws 1892, c. 689, § 55, as amended by Laws 1900, c. 310, § 1. *Held*, in an action to foreclose the mortgage against the original parties, that the defense of usury was not available; the general usury law not applying.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 686–700; Dec. Dig. § 181.*]

Action by the Public Bank of New York City against Louis London and others to foreclose a mortgage. Judgment of foreclosure. See, also, 159 App. Div. 484, 144 N. Y. Supp. 561.

Stroock & Stroock, of New York City, for plaintiff.
London & Davis, of New York City, for defendants.

GREENBAUM, J. This is an action brought to foreclose a second mortgage on premises No. 263 Broome street, borough of Manhattan, city of New York, made by the defendants Louis and Albert London to one Joseph S. Marcus, and by him assigned to the plaintiff. The defense interposed is usury.

It appears that the defendant Joseph S. Marcus was a private banker doing business in the borough of Manhattan at the times herein referred to, and the plaintiff is a banking corporation organized under the laws of the state of New York. On or about the 20th of August, 1907, the said Marcus loaned to the defendants London the sum of $10,000 upon a bond and mortgage, upon an agreement between the parties that the mortgagors were to pay to the mortgagee interest upon the loan at the rate of 12 per cent. per annum. The bond and mortgage provided for the payment of interest at the rate of 6 per cent. per annum. Thereafter interest was paid upon the bond and mortgage to both Marcus and the plaintiff at the rate of 12 per cent. per annum. The Banking Law of this state provides:

"Every bank and private and individual banker doing business in this state may take, receive, reserve and charge on every loan and discount made, or upon any note, bill of exchange or other evidence of debt, interest at the rate of 6 per centum per annum; and such interest may be taken in advance. * * * The knowingly taking, receiving, reserving or charging a greater rate of interest shall be held and adjudged a forfeiture of the entire interest which the note, bill * * * or other evidence of debt carries with it, or which has been agreed to be paid thereon. If a greater rate of interest has been paid, the person paying the same or his legal representatives may recover twice the amount of the interest thus paid from the bank or private or individual banker taking or receiving the same, if such action is brought within two years from the time the excess of interest is taken. * * * The true intent and meaning * * * is to place and continue banks and private and individual bankers on an equality in the particulars herein referred to with the national banks organized under the Act of Congress entitled 'An Act to provide a national currency secured by pledges of United States bonds, and to provide for the circulation and redemption thereof,' approved June 3, 1864." Laws 1870, c. 163; Laws 1892, c. 689, § 55, as amended by Laws 1900, c. 310, § 1.

By virtue of this statute the defense of usury upon a loan made by a private banker is not available to the defendant. Caponigri v. Altieri, 165 N. Y. 255, 59 N. E. 87; Schlesinger v. Lehmaier, 191 N. Y. 69, 75, 83 N. E. 657, 16 L. R. A. (N. S.) 626, 123 Am. St. Rep. 591. It is, however, urged by defendants' counsel, citing National Bank v. Matthews, 98 U. S. 621, 25 L. Ed. 188, that a national bank is prohibited under section 5136 of the United States Revised Statutes from taking a mortgage upon real estate except to secure debts previously contracted, and that therefore a loan made upon real estate security by a national bank is not protected under the United States statutes applicable to the taking of usury by such banks, but that the general usury law controls. From this, defendant contends, flows the corollary proposition that, since the express purpose of the clause in the state statute above quoted is to place state banks and bankers upon an equality with national banks, this court is required to hold that the plaintiff is not exempt from the operation of the usury law applicable to ordinary individuals. Aside, however, from the argument that may be

fairly made that there is no statute in this state which prohibits a private banker from taking a mortgage upon real property as security for a debt simultaneously contracted, a reading of the opinion in National Bank v. Matthews, supra, does not bear out the interpretation that counsel has placed upon it. The opinion states (98 U. S. at page 625, 25 L. Ed. 188) that:

"Section 5136 does not in terms prohibit a loan on real estate, but the implication to that effect is clear."

It was, however, held that, where a loan was made upon a note and deed of trust, the transaction was neither within the letter nor the meaning of the prohibitions relied upon, and, further, that in no event could a borrower successfully defeat payment of the loan upon the doctrine of ultra vires, since the sovereign alone may take proceedings against the bank for the violation of the statute. In Schuyler National Bank v. Gadsden, 191 U. S. 451, 24 Sup. Ct. 129, 48 L. Ed. 258, the United States Supreme Court held in effect that the taking of a real estate mortgage by a national bank as security for a debt coincidentally contracted fell within the provisions of the national banking act governing the question of usury.

Judgment of foreclosure must be decreed as prayed for. Findings passed upon. Decision signed.