TINA TEPLITZ, Appellant, *v.* IRVING I. BLOOMINGDALE and Others, Individually and as Copartners, Doing Business under the Name of BLOOMINGDALE BROS., Private Bankers, Respondents.

Second Department, January 7, 1921.

**Banks and banking — recovery of penalty prescribed by Banking Law, section 114, for exaction of interest in excess of six per centum — judgment in prior suit for accounting not res adjudicata — maintenance of prior suit for accounting not an election of remedies.**

The penalty prescribed by section 114 of the Banking Law for the exaction of interest in excess of six per centum per annum can be recovered only in an action expressly brought for that purpose, and, therefore, a judgment in a prior suit for an accounting between the parties is not *res adjudicata* nor did the plaintiff by bringing such suit elect to have the issue decided therein.

APPEAL by the plaintiff, Tina Teplitz, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 22d day of October, 1920, overruling plaintiff's demurrer to the separate defenses contained in defendants' answer.

*Leopold Klinger [Morris Grossman* with him on the brief], for the appellant.

*James Leslie Pinks,* for the respondents.

BLACKMAR, J.:

This action is brought against the defendants, who are private bankers, to recover the penalty prescribed by section 114 of the Banking Law for the exaction of interest in excess of six per centum per annum.

The complaint alleges that the plaintiff and the defendants entered into corrupt agreements in writing to enable the defendants to exact more than six per cent interest on certain advances made to the plaintiff; that the advances were made, and that the defendants exacted and received from the plaintiff an amount of interest aggregating fifteen per cent per annum and amounting to the sum of $1,971.17. Judgment is

demanded for twice that sum pursuant to the provisions of said section of the Banking Law.

To. this complaint the defendants interposed an answer containing affirmative defenses. The plaintiff demurred to the defenses as insufficient in law upon the face thereof. The demurrer was overruled and the plaintiff appeals.

The first affirmative defense is that the subject of the action has been already adjudicated. The answer alleges that on the 31st of October, 1919, the plaintiff brought an action against the defendants for an accounting, based upon the said agreements and the operations of the parties thereunder; that a defense to said action was interposed and the case came on for trial which resulted in a judgment that the accounts between the parties showed an overpayment by the defendants to the plaintiff; and that the plaintiff was not entitled to any money judgment against the defendants. The answer further alleges that the said judgment is based upon a finding of fact that the contract aforesaid was intended to be performed and was performed by the parties substantially in accordance with its provisions, and that the commissions and charges, which under the terms of the contract the defendants were entitled to charge, were intended to be so charged and received as compensation to the defendants for doing the work provided for in the agreements and to cover the defendants' expenses in connection therewith. Then follows an allegation that the judgment so set forth is a prior adjudication of the cause of action set out in the plaintiff's complaint, and a bar thereto.

The point of the demurrer is that the penalty provided for in section 114 of the Banking Law can be recovered only in an action expressly brought for that purpose, and in no other way, and that, therefore, the prior case, which settled the accounts between the parties, was not an adjudication against the plaintiff's right to recover the penalty for the alleged overcharge of interest which was included in the accounting between the parties.

Section 114 of the Banking Law prohibits any bank or any private or individual banker from taking more than six per cent interest. It provides that the knowingly taking, receiving, reserving or charging of a larger amount shall be adjudged a forfeiture of the entire interest; and that if a greater rate of

interest has been paid, the person paying the same, or his legal representatives, may recover twice the entire amount of the interest if the action to recover the same is brought within two years from the time the excess of interest was taken. Then follows a provision that the true intent and meaning of the section is to place and continue such banks and bankers on an equality with the national banks under the act of Congress.

The United States Supreme Court, in *Barnet* v. *National Bank* (98 U. S. 555), held that where a national bank brought an action against the parties to a bill of exchange, the defendants could not set up, by way of counterclaim or setoff, that the bank knowingly took and was paid a greater rate of interest than that allowed by law. Mr. Justice SWAYNE in that case said: " The remedy given by the statute for the wrong is a penal suit. To that the party aggrieved or his legal representative must resort. He can have redress in no other mode or form of procedure. The statute which gives the right prescribes the redress, and both provisions are alike obligatory upon the parties."

The question came before the Court of Appeals in *Caponigri* v. *Altieri* (165 N. Y. 255), in which it was held that as the intent of the statute was to place all banks and private and individual bankers on a parity with the national banks, this decision of the United States Supreme Court was the law and must be followed by the Court of Appeals.

It is obvious that an action for an accounting to determine the rights of the parties upon the written instrument does not present the same issue as an action for the penalty prescribed by section 114 of the Banking Law. It is true that the answer in this case alleges that the judgment on the accounting is based upon a finding that the amount exacted by the defendants was in reality what it purported to be — compensation for services rendered. The contracts gave the defendants the right to exact this sum of money. The statute gives no defense to this, for section 114 of the Banking Law relieves banks and bankers from the liabilities and penalties of the usury laws. It is a matter of indifference in the accounting action whether the payments exacted by

the defendants were compensation for services or a cover to enable the defendants to secure more than six per cent interest. The only remedy the law prescribes for the exaction by bankers of a greater rate of interest than six per cent is the penalty under section 114 of the Banking Law. If this penalty could not be enforced as incidental to an action for an accounting, and this seems to be the spirit and intent of the decisions already referred to, these findings on this subject are irrelevant and cannot estop the plaintiff. If the interest is still unpaid, there is a remedy on the adjustment of the accounts between the parties (*Carnegie Trust Co.* v. *Chapman,* 153 App. Div. 783); but the complaint contains an allegation that the interest has been exacted and paid to the defendants. The only remedy that the plaintiff had, according to the decisions, was a direct action for this double amount of interest as a penalty. This could not be adjudicated as incidental to an action in equity to settle the accounts between the parties, and, therefore, the decree in that action is not a bar.

The second defense pleads practically the same matter on the theory that the plaintiff elected to have this issue decided in the accounting case. If the claim to enforce this penalty could not be asserted as incidental to an action for an accounting, the plaintiff does not and cannot elect to have it so decided by bringing the action in equity for an accounting. The courts have held in substance, I think, that the question of a penalty cannot be involved in such action, and, therefore, the judgment in that case is not *res adjudicata* on the question of this liability for the penalty, nor does the plaintiff, by bringing an action for an accounting, elect to have it so involved.

The order should be reversed, with ten dollars costs and disbursements, and the demurrer sustained, with ten dollars costs.

Jenks, P. J., Mills, Rich and Jaycox, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with ten dollars costs.